## STATE USE OF CAMERON VS. STROOP.

An additional or second administration bond, entered into by order of the Probate Court, on the death of a security in the first bond, whether upon or without complaint of an interested party, relieves the securities in the first bond from all liability occurring after the execution of the second bond.

*Error to Ashley Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

WADDELL, for plaintiff in error.

In taking a new bond the Probate Court acts ministerially under a specific power, and is bound to a strict compliance with its authority. *Polk vs. Wisner,* 2 *Yerg.* 523.

The taking of the new bond is not necessarily an abandonment of the surety of the old. It is a cumulative security, and no satisfaction of the old.

JOHNSTON and GARLAND & RANDOLPH, for defendant.

The Probate Court of its own motion had a right to require a new bond, and the second bond so given discharges the obligation of the first. 14 *Ark.* 298 ; 18 *Ib.* 600.

The effect of giving a new bond is to discharge the parties on the first from all liability for acts done or omitted after the new bond has been perfected. *Section* 37, *chapter* 4, *Gould's Digest.*

Mr. Justice FAIRCHILD delivered the opinion of the Court.

On the 21st of January, 1853, Samuel F. Mains executed his bond for the proper administration of the estate of Elizabeth Cameron, with Levi B. Stroop, as one of his sureties. In November, 1854, Stroop having died, the Probate Court of Ashley county ordered Mains to give a new bond, and on the 23d of January, 1855, he gave a new bond with other sureties, in compliance with the order, which was accepted by the Court. On the 23d of October, 1855, the Probate Court ordered Mains to pay to the distributees of Elizabeth Cameron, fourteen hundred and fifty-two 9-100 dollars, and the non-payment of this money is the breach of Levi B. Stroop's bond, alleged in this suit as a sufficient ground for recovery against his administrator, the defendant below, and the defendant in error.

Although the pleadings are drawn out to considerable length, being a declaration in debt upon the first administration bond,

five pleas thereto, with two replications to several of the pleas, and demurrers to the replications, there is but a single question growing out of them for our consideration, and that is, whether the sureties in the first bond, by the giving and approval of the second bond, were discharged from liability for subsequent breaches of the administrator's duty ?

Upon an affidavit by any person interested in an estate, that a security in an administrator's bond has died, the Probate Court may require an additional bond, if fifteen days notice of the proceeding has been given to the administrator.    *Gould's Dig.*, *chap.* 4, *sec.* 36.    And section 37, is as follows : " If an additional bond be given and approved, it shall discharge the former securities from any liability from the misconduct of the principal, after the filing of such additional bond ; and such former securities shall only be liable for such misconduct as happened prior to giving the new bond."

It is contended by the plaintiff in error, that the additional bond given by Mains should not have the effect given to an additional bond in the foregoing section, because it was given in pursuance to an order of the Probate Court made upon its own information or motion, and not upon complaint of an interested party.    But we see no reason for the distinction taken between bonds given upon orders of Court made upon, or without complaint of an interested party.    It was the order of the Probate Court requiring an additional bond, that made the second bond of Mains necessary ; and it is immaterial whether the action of the Court was induced by the sworn complaint of a creditor, surviving security, heir or other person interested in the estate of Elizabeth Cameron, or upon its own knowledge of the death of Levi B. Stroop, and its unprompted view of the propriety of ordering Mains to file an additional administration bond.

The necessity for such bond was equally urgent, the consequences of not giving bond under the order would be the same, in either case ; and when the bond is given and approved under the order of the Court requiring it, its effect must be that given to an additional bond in the 37th section before quoted.    That

effect is, that the securities in the second bond are alone liable for the subsequent misconduct of the administrator. And this inflicts no hardship upon the estate, as without the additional security of a new bond, the letters of administration would be revoked. All liability for the administrator rests upon the securities in the original bond till the additional one is filed and approved, when the new bond becomes an assurance for the proper administration of the estate. The object of the law was to hold an administrator to the performance of his duty by responsible and living securities, and to relieve the estates of securities from liabilities to accrue after the death of the security. We should frustrate the design of the law by holding the second bond of Mains to be in force for the acts of Mains in October, 1855, only as a cumulative security to the first bond.

The first replications to the second, third and fourth pleas were not legal answers to them; the Court properly quashed them on demurrer, and its judgment must be affirmed.