## CORKER *v.* JONES, Executor, & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

Argued and Submitted January 18th, 21st, 1884.—Decided February 4th, 1884.

*Georgia—Guardian and Ward.*

A being executor of the estate of C and testamentary guardian of D, minor son of deceased, purchased on behalf of D, but with his own money, a parcel of real estate of deceased which had been devised to another heir. While D was still a minor a bill was filed in the State court of Georgia, where the property was situated and the parties resided, in the name of D, suing by his mother as next friend, praying to have the purchase set aside as to D, and the estate decreed to be the individual property of A, and a final decree to that effect was made and A went into possession. Subsequently D, by his next friend, filed a bill setting up title to the property, and praying to have the cloud upon his title removed, and for an accounting: *Held,* That the State court of Georgia had jurisdiction to make the decree which it made; that it was not voidable as to D; and that, notwithstanding the relations between the parties, the judgment was conclusive in the absence of an impeachment for unfairness and fraud.

*Mr. Henry B. Tompkins* argued for appellants.

*Mr. Randall Hagner* submitted on his brief for appellees.

Mr. Justice Matthews delivered the opinion of the court.

Malcolm D. Jones, of whom Francis A. Jones, the appellee, is executor, in his lifetime was executor of the last will of Drury Corker, deceased, and testamentary guardian of the person and estate of the testator's son, Ernest D. Corker, the appellant, one of the devisees, then a minor, who arrived at age since filing the present bill. While acting as such, on July 24th, 1863, Malcolm D. Jones, as guardian, purchased a tract of land known as the Gilstrop and Watson place, part of the estate of Drury Corker, from the trustees of Mrs. S. C. Hart, a daughter of the testator, to whom he had devised it, with power to sell. The consideration paid was $15,600 in Confederate money, which was advanced by Malcolm D. Jones from his own funds. The conveyance was to him as guardian of the appellant, the latter being charged in account by the guardian with the amount of the advance. In 1867, while the appellant was still an infant about eleven years of age, and living with his mother, a bill in equity was filed in the Superior Court of Burke County, where they resided, a court of general jurisdiction at law and in equity, in the name of the appellant, suing by his mother and next friend, to which Malcolm D. Jones was made defendant, praying for a rescission of the transaction as between the guardian and ward, so that the former should take the land and the latter be relieved from the payment of the consideration. The pleadings in that case are not exhibited in the present record, as it is stated, because they have been lost or destroyed; but the matter was submitted to a jury, who found that "it is to the interest of Ernest D. Corker, the minor, under his circumstances, that said purchase be rescinded and deed be cancelled and set aside as to said Ernest D., leaving it to stand as against the makers and in favor of said Malcolm D. individually; and that, if necessary, said Ernest D. make and deliver a proper conveyance of said land to said Malcolm D." And upon this verdict, on January 1st, 1868, it was by the court ordered and decreed "that said deed be, and is hereby, set aside and cancelled as to said Ernest

D. only, and that it stand good against the makers thereof, and for the use and benefit of said Malcolm D. individually, and said Ernest D. make any, all necessary, and proper conveyances of the land referred to, to said Malcolm D.; that said Malcolm D. also pay one-half of the costs of this proceeding, and said Ernest D. the other half thereof."

Thereafter Malcolm D. Jones went into possession of the land, claiming title thereto in his own right, and since his death his executor, Francis A. Jones, one of the appellees, has sold the same in parcels under judicial proceedings in the Superior Court of Burke County, as the property of Malcolm D. Jones, deceased, to the several other appellees. These purchasers claim to be protected as such against any equities of the appellant, but the latter insists that they had not acquired the legal title nor fully paid the purchase money at the time he filed his bill, and consequently are not innocent purchasers.

Without reference to that question, however, the appellant claims that he has the legal estate in the land in controversy by virtue of the deed to his guardian from the trustees of his sister, and that it was not divested by the decree of the Superior Court of Burke County, of January 1st, 1868, for the reason that that court had no jurisdiction in the case, and the proceedings and decree therein were *coram non judice* and void.

This is urged on the ground that the Court of Ordinary in Georgia has jurisdiction, exclusive of the Superior Court, to deal with the property of minors, and various provisions of the Code of that State are cited in support of that proposition. Among others, sec. 1837 provides that

" The guardian cannot borrow money and bind his ward therefor, nor can he, by any contract other than those specifically allowed by law, bind his ward's property or create any lien thereon."

It would be difficult under this section, or any others to be found relating to the subject, to discover any authority for the purchase by Jones, the guardian, of the real estate in controversy for his ward, on credit, advancing the money as a loan for that purpose; and the question whether it was a transaction

that should stand or be cancelled, as between guardian and ward, was not one arising in the ordinary course of administration for settlement as a mere matter of account in the Court of Ordinary, but, as we think, was one more appropriately dealt with in the more formal procedure of a court of general jurisdiction with equity powers. The question is not one relating to the sale or disposition of any part of the ward's estate which had come under the control of the guardian, but was whether, under the circumstances, the purchase made by the guardian should be treated as made for the benefit of his ward, or whether its burdens and risk should be borne by him individually. It was peculiarly a case for cognizance in equity, and the Superior Court of Burke County, we think, had jurisdiction to make the decree directing the title to remain in Malcolm D. Jones for his own use.

It is further urged, however, that the decree is voidable, because it was taken against an infant, without the protection of a *guardian ad litem*. If the infant had been defendant, the objection could only be taken on appeal, or by bill of review, and not collaterally; but the infant was plaintiff, and sued by his next friend, which was proper, and there is no more ground for saying that the decree was against the infant than in his favor. He was relieved from the burden of the purchase, which was the object of the suit.

But it is also claimed that the relation of the parties was such that the guardian could not acquire an interest adverse to his ward, and that the attempt to do so will convert him into a trustee by construction. But the transaction was judicial, the parties standing at arm's length as avowed litigants; the plaintiff being represented by his mother, appearing on the record with him as his next friend, and the court deciding between them. That judgment must be conclusive, unless it can be impeached for unfairness and fraud.

This charge is in fact made, it being alleged that the suit was collusive. The only proof of this is, that the mother of the infant agreed with the guardian that it was best to submit the question of the purchase to the decision of the court. Their co-operation in this is not sufficient, in our opinion, to raise the

suspicion of fraud. Outside of this circumstance there is no proof.

It is finally alleged that, upon a settlement of accounts between the guardian and ward, a larger amount should have been found due to the latter than was awarded by the court below. But the decree on that point is in conformity with the evidence.

*We find no error in the record, and the decree is affirmed.*