## WOODALL *v.* MOORE.

Decided October 17, 1891.

1. *Bill of review—Suppression of evidence.*

   In the absence of fraud or wilful misconduct by the successful party a bill will not lie to review a judgment upon the ground that the court's attention was not called to evidence that was a matter of record, or that could not have affected the result.

2. *Bill of review—New proof.*

   A bill of review on the ground of new proof will not lie unless it appears that the proof could not have been used when the decree was made.

3. *Infant—Estoppel.*

   An infant plaintiff suing by guardian or next friend is as much bound by a judgment or decree as a person of full age.

4. *Infant—Judgment—Time to show cause.*

   The statute which provides that an infant may, within twelve months after arriving at the age of 21 years, show cause against an order or judgment (Mansf. Dig., sec. 5184) is confined to infant defendants.

APPEAL from *Phillips* Circuit Court in chancery.
MATTHEW T. SANDERS, Judge.

Arthur B. Woodall, Mary E. Woodall and Willie N. Woodall, a minor, by her next friend, Arthur B. Woodall, brought ejectment against the defendant, John P. Moore, to recover possession of a certain tract of land. The action was commenced on March 5, 1885. The complaint alleged that Arthur B. Woodall became of age on January 27, 1884, and Mary E. Woodall, July 3, 1883.

The answer states that defendant had previously commenced suit in ejectment for the possession of this land, in which suit the plaintiffs herein, on their petition, were made parties defendant, denying defendant's title, and claiming title as heirs of their father ; that such proceedings were had that, on the 6th day of June, 1883, it was decided that said lands were the property of this defendant and said Willie N. Woodall, the defendant owning three-fourths and Willie N. Woodall owning one-fourth, and partition was decreed, and by said partition the lands in this suit were set aside to the defendant. This partition was afterwards confirmed, and writ of possession awarded the defendant for the lands. This judgment remains in full force and unreversed, and the defendant holds thereunder. A demurrer to the answer was overruled.

Plaintiffs moved for leave to file an amended complaint, which is as follows : Plaintiffs move that the cause be transferred to equity, and say that during their minority the defendant brought ejectment against their father's widow for the land mentioned in the complaint ; that they intervened, and filed a cross-bill, and obtained the transfer of said case to the equity side. The defendant answered the cross-complaint, and a decree was rendered which, on appeal to the Supreme Court, was reversed and further proceedings had, in which a decree was rendered (*Moore* v. *Woodall*, 40 Ark., 42). In said proceedings the defendant claimed title under a commissioner's deed to one Thomas N. Jacks, under a decree rendered

against said lands in the case of *Delatour* v. *Woodall*, and a deed from said Jacks to the defendant, which deed was never exhibited by the defendant. The decree in the case of *Delatour* v. *Woodall* was referred to, but never brought upon the record. That, after the judgment in the Supreme Court in the case of *Moore* v. *Woodall*, the plaintiffs appealed the case of *Delatour* v. *Woodall* to the Supreme Court, and at the November term of 1884 the decree was reversed (43 Ark., 521). That, if the decree in *Delatour* v. *Woodall* had been before the court in the case of *Moore* v. *Woodall*, it would have shown that the decree had been sold to Jacks, before the commissioner's sale, by indorsement on the margin of the record, and that Jacks, being a party to the sale, took no better title than the decree itself. That had the deed from Jacks to Moore been before the court, it would have shown that Moore was a partner of Jacks in his real estate speculations, and in his purchase of said decree, and stood in no better position than said Jacks, and that the reversal of said decree carried with it the extinguishment of all title and claim of said Jacks and Moore. That the plaintiffs have learned, since the decree in *Moore* v. *Woodall*, and since the partition therein, that the bid by Jacks of $650 for the land was not paid to any commissioner, but was reserved by Jacks as the owner of the decree, and only the excess was paid over to the guardian of the plaintiffs. That plaintiffs did not know until since the decree that Jacks was the owner of the Delatour decree. That nowhere in the pleadings of the defendant Moore does he state that Jacks or himself were strangers to the record, or innocent purchasers for a valuable consideration, and that the truth is that Jacks paid no money to the commissioner at the time of his purchase, and to allow the defendant to hold title after the reversal of the decree would be a fraud upon the rights of the plaintiffs. That defendant had been in possession since January 1, 1884, and the rental value of the premises is $600 per year. This rental value ought to be set off against the defendant's lien for taxes declared by the decree. The plaintiffs there-

fore pray that the decree in *Moore* v. *Woodall* be reviewed and reversed, or that the defendant be restrained from pleading the same in bar of plaintiff's recovery, and for judgment for possession, with all other proper relief.

Defendant moved to strike out the amended complaint because it was a bill of review, and no leave had been obtained from the court to file it. The motion was sustained. Judgment was rendered for defendant. Plaintiffs have appealed.

*U. M. & G. B. Rose* and *John C. Palmer* for appellants.

1. The amended complaint shows a good cause of action. The reversal of the decree under which Jacks purchased avoids the sale. Freeman on Ex. 347; 47 Ark, 229. The rule extends to the assignee of the judgment. The decree in *Moore* v. *Woodall* does not conclude plaintiffs, because procured by fraud. By suppressing facts in his knowledge, which he was bound to communicate, he secured a decree against infants of tender years, to which he was not entitled. Freeman on Judgments, secs. 491, 493; Bigelow on Fraud, 2d ed., 92 ; 47 Ill., 216; 24 La. An., 48; 2 Story, C. C., 75. No leave was necessary to file the bill. 2 Dan., Ch. Pl. and Pr., 4th ed., 1584; Story, Eq. Pl., sec. .427. But plaintiffs were all minors when the decree was rendered, and they had the right to impeach it before or after majority, without leave granted. 1 Dan., Ch. Pl. & Pr., 4th ed., 164; Freeman on Judg., sec. 484a; 2 Barb., Ch. Pr., 211; 17 Ohio St., 485; 89 Am. Dec., 190, note; 74 Am. Dec., 179.

2. Laches are never imputed to infants. 43 Ark., 522; 24 *id.*, 371; *id.*, 431 ; 39 *id.*, 235. And these infants were within the saving clause of sec. 5184 of Mansf. Digest. 1 Dan., Ch. Pl. &Pr., 4th ed., 165; 17 Ohio St., 485; 89 Am. Dec., 185, note. See 10 Bush (Ky.), 61. The right to file either an original bill or bill of review was not taken away by the statute. 36 Ark., 532 ; 33 *id.*, 162.

*James C. Tappan, John J. Hornor* and *James P. Clarke* for appellee.

The amended complaint was a bill of review and properly dismissed. It was filed to obtain a reversal or alteration of a decree in a former suit between the same parties, and hence a bill of review. Am. & E. Enc. Law, title, " Bill of Review," 1 and notes. There are but two grounds for a bill of review. 1. Error in law apparent on the face of the decree. 2. New facts discovered since, etc., *and which could not possibly have been used at the time when the decree passed.* Dan., Ch. Pl. & Pr., 3d ed., pp. 1630-1-2. Before a bill can be filed on the second ground leave must be had. *Id.,* pp. 1637-8. The granting of it lies in the sound discretion of the court. Story, Eq. Pl., sec. 417, and note 1 ; 36 Ark., 532. The reservation in sec. 5184 applies only to infant defendants. Dan., Ch. Pl. & Pr., p. 72 ; 5 Sneed, 129 ; 6 Coldwell, 619 ; 4 Monroe (Ky.), 255. The infants here were plaintiffs. 51 Ark., 368. A decree that binds adults binds minor plaintiffs. 1 Head, 484 ; 1 Herm. on Est. & Res. Ad., 164 ; 8 Iowa, 17 ; 43 *id.,* 22 ; 1 Dan., Ch. Pl. & Pr., 71-73 ; Mansf. Dig., secs. 4955, 5184.

HEMINGWAY, J. A defense to the original complaint was sufficiently set out in the answer, and the demurrer to it was properly overruled.

The plaintiffs filed an amended complaint seeking to review a decree upon which the defendant relied as confirming his title against them, but the court struck it from the files and refused their application for leave to file it. All questions presented by the appeal grow out of the court's action in this regard.

The question whether a bill of review can be filed without leave has been elaborately discussed in the briefs, and many authorities cited as bearing upon it. But we do not see how its determination can aid to a conclusion in this cause. For if leave was necessary, and the complaint disclosed any right of review, the court erred in refusing the leave ; and even if

leave was not necessary, but the complaint showed no right of review, the court's action was not prejudicial. So that the sufficiency of the complaint to entitle the plaintiffs to review the judgment in their former proceedings for review is the question on which our conclusion depends.

It is insisted that the complaint was sufficient as to all the plaintiffs, first, as showing fraud in obtaining the judgment attacked; and, second, as showing that said judgment was rendered against the plaintiffs while they were infants, and while they were ignorant of facts that would have resulted in a different conclusion if brought to the attention of the court. If mistaken in this, it is insisted for Willie N. Woodall that the complaint discloses an error in the judgment as to her, and that she brings this suit to correct it before arriving at full age.

1. The judgment attacked was rendered in a proceeding instituted by these plaintiffs, through their guardian and next friend, against the defendant, to review a judgment under which lands had been condemned and sold to the defendant's grantor, who was not the plaintiff in the judgment. The relief was denied upon the ground that the judgment had been executed, and the lands acquired by the defendant, who was adjudged to be a stranger to it.

1. What is not suppression of evidence.

The complaint alleges that the defendant was not a stranger to the judgment, but that it had been assigned to Jacks, the defendant's vendor, and that they in fact purchased the land together; that the plaintiffs in that proceeding tendered a copy of the decree as an exhibit to their complaint, and the defendant tendered a copy of his deed as an exhibit to his answer, but that neither exhibit was in fact filed among the papers; and that if they had been filed, the former would have shown that the purchaser was the assignee of the judgment, while the latter would have shown that the defendant was interested with the assignee in his purchase. The judgment disclosed its assignment to Jacks, and if a copy of it had been brought to the attention of the court, it would have been seen that when he purchased the

land he was not a stranger to the judgment. But the assignment was a matter of record, and might and should have been known to the representatives of the plaintiffs. The defendant did nothing to conceal it, or to suppress it as a fact in the case. It does not appear that plaintiffs' representatives were ignorant of its existence, or, if they were, that this fact was known to the defendant. From the allegations it may well be that the importance of the assignment was overlooked or misunderstood by the defendant, as well as by the representatives of plaintiffs who are not charged with any fraud or wilful misconduct in the conduct of the cause. The complaint charges no wrong done by the defendant, unless it was his duty to supply the defects in the case made by his adversaries by proof of whatever else he might know to their advantage. This is more than the law exacts. He might be chargeable with fraud for any material suggestion of falsehood or suppression of truth practiced by him in making out his own case, but his mere failure to make proof of a matter relied upon by, and possibly beneficial to, his adversary is not a fraud.

If the deed exhibited with the answer had been brought to the court's attention, it could not have changed the result. It would have shown that the defendant acquired the land from the purchaser at judicial sale in exchange for other lands, but this did not show any common interest between the defendant and his vendor in the purchase, or that his vendor was the owner of the judgment. Since the presence of the deed could not have changed the result, its absence affords no ground of complaint.

2. Bill of review for new proof.

2. It is also insisted that, as the plaintiffs were ignorant of the fact of the assignment of the judgment, proof of which would have affected the result, and were minors when the decree was rendered, they are entitled to have it reviewed. But to justify a review on the ground of new proof, it must appear that the proof could not have been used at the time the decree was rendered. Story's Eq. Pl., sec. 404. Such is not the case made by the complaint. Any decree of dili-

gence would have ascertained and brought out what is now relied on, and this must defeat the review sought unless the infancy of the plaintiffs exempts them from the rule of laches.

It is argued that laches is never imputable to infants. This is sometimes stated as a general rule, but the exceptions to it are as generally recognized. When infants by their guardian or next friend go into court to assert their rights, they proceed under the eye of the court, and are supposed to enjoy its care and protection, and conclusions therein reached are as binding upon them as upon persons *sui juris.* 1 Herman on Est., sec. 164; *Corker* v. *Jones,* 110 U. S., 317; Tyler on Infancy, p. 172; *Winchester* v. *Winchester,* 1 Head, 484; see *Bickel* v. *Erskine,* 43 Iowa, 213; 1 Black on Judg., sec. 198.

3.  Infant plaintiff estopped by judgment.

3.  The case made by Willie N. Woodall depends upon the construction to be given to the eighth subdivision of section 3909 and section 5184 of Mansfield's Digest. Whether a judgment rendered in a proceeding to review a decree comes within their purview is a question not decided; if it does, the right is confined to defendants in the decree attacked. For by the terms of the statute, the right to review exists in a minor only where by the former practice it was proper to reserve in the decree his right to show cause, and this was confined to infant defendants, 1 Dan. Ch. Pl. & Pr., 72-3; *Williamson's heirs* v. *Johnston,* 4 Mon. (Ky.), 255; *Gregory* v. *Molesworth,* 3 Atk., 626; *Winchester* v. *Winchester,* 1 Head, 484; *Harris* v. *Youman,* 1 Hoff. Ch., 178; see *Joyce* v. *Mc-Avoy,* 89 Am. Dec., 178, note, p. 185, and cases cited.

4.  When infant not entitled to time to show cause against judgment.

As the judgment attacked was rendered in a cause in which the complaining infant was the actor, the statute can not avail him.

Having concluded that the amended complaint did not state facts entitling any of the plaintiffs to attack the judgment, we think there was no prejudice in the court's action in regard thereto, and the judgment is affirmed.