FIDELITY & DEPOSIT COMPANY OF MARYLAND *v.*
MEYER, GUARDIAN.

4-5244                                    121 S. W. 2d 873

Opinion delivered November 14, 1938.

*Horace Chamberlin, McKinley & Thompson* and *Lee Cazort,* for appellant.

*Bradley & Patten,* for appellee.

HUMPHREYS, J. This is an intervention filed on August 28, 1937, by William F. and Leora E. Meyer, minors, by their guardian in the matter of the American Exchange Trust Company, insolvent, pending in the chancery court of Pulaski county, wherein appellees made the Fidelity & Deposit Company of Maryland, a defendant, seeking to recover from G. S. Jernigan, as State Bank Commissioner in charge of the assets of the insolvent American Exchange Trust Company and said Fidelity & Deposit Company of Maryland the sum of $1,434.73 with interest at the rate of 6 per cent. per annum from the date of filing said intervention by falsifying and surcharging the final account and settlement of the American Exchange Trust Company as guardian and curator of the estate of said minors. It was alleged in the intervention that the American Exchange Trust Company, as such guardian, purchased from itself a note for the sum of $1,000, and a mortgage given to secure same executed by L. B. Siegel; that L. B. Siegel went into bankruptcy and was finally discharged, and that Ora Lee Meyer, as guardian of such minors, was given an undivided one-fifth interest in an undivided 20/39 interest in lots 1, 2 and 3, block 2, Rectortown Addition to the city of Little Rock; lot 4, block 4, Russell's Addition to the city of Little Rock; that this was the sole benefit received from said Siegel note and mortgage, and that same was of little value; that the Siegel note for $1,000 was one of a series aggregating $9,750, and that the investment by the guardian in said note was without authority of law and without an order first obtained from the Pulaski probate court, authorizing such guardian to invest funds in such note; that said guardian knew that such note was of little value, and that it was

guilty of gross neglect and fraud upon the minors in making such investment without an order of the probate court.

The Fidelity & Deposit Company filed an answer admitting that the American Exchange Trust Company was appointed guardian and curator of the estate of William F. and Leora E. Meyer, minors, on February 27, 1930, and that it received assets belonging to them of the value $3,645.73, and that the Fidelity & Deposit Company of Maryland executed a bond as surety for the American Exchange Trust Company in the penal sum of $2,500; that on March 22, 1930, the American Exchange Trust Company, as such guardian, purchased from itself with funds of said minors a $1,000 first mortgage real estate note bearing 6 per cent. interest executed by Louis B. Siegel and wife, said note being due and payable on the 14th day of April, 1931; that it made this purchase without first obtaining an order from the Pulaski probate court to do so; that in November the American Exchange Trust Company became insolvent, and was placed in the hands of the State Bank Commissioner for liquidation; that on February 26, 1931, at the instance of Mrs. Ora Lee Meyer who was the mother of the minors, the Pulaski probate court removed the American Exchange Trust Company as guardian and curator on account of its insolvency and was herself appointed guardian and curator for them, and that on March 14, 1931, the American Exchange Trust Company through the Bank Commissioner filed its final report as such guardian and curator and received and receipted for the assets including the Siegel note and mortgage. It denied, however, that the American Exchange Trust Company knew that the Siegel note was of little value or that it was guilty of gross neglect and fraud upon the minors in making such investment without an order of the probate court first obtained.

By way of further defenses it interposed the five-year statute of limitations as a bar to the intervention and estoppel on the part of Mrs. Ora Lee Meyer, and the minors to prosecute the action.

The testimony introduced covered the administration of the estate of said minors by their original guardian, the American Exchange Trust Company, and their guardian in succession, the bankruptcy proceedings in part of Louis B. Siegel in the Federal court, and part of the proceedings of the Bank Commissioner in liquidating the assets of the American Exchange Trust Company, with a large number of exhibits attached which we deem unnecessary to set out in detail or in substance to determine the questions involved on this appeal.

After hearing all the evidence the chancery court rendered the following decree: "It is, therefore, by the court, considered, ordered, adjudged and decreed, that Ora Lee Meyer, as guardian and curator of William F. and Leora E. Meyer, minors, do have judgment for and recover of and from G. S. Jernigan as State Bank Commissioner in charge of the American Exchange Trust Company, insolvent, and, the Fidelity & Deposit Company of Maryland, collectively and severally, the sum of $1,-304.45, together with interest thereon from this date until paid, at the rate of 6 per cent. per annum, for which execution or garnishment may issue as upon a judgment at law against the Fidelity & Deposit Company of Maryland only, and with the understanding that this judgment is now an adjudicated and liquidated claim for such amount, in favor of the intervener as a common creditor of the insolvent bank.

It is further considered, ordered, adjudged and decreed by the court that any and all right, title and interest and equity of William F. and Leora E. Meyer, minors, and as to Ora Lee Meyer, as an individual and as guardian and curator of William F. and Leora E. Meyer, minors, in and to an undivided one-fifth interest in and to an undivided 20/39 interest in and to the following property situated and located in Pulaski county, Arkansas, to-wit:

Lots 1, 2 and 3, block 2, Rectortown Addition to the city of Little Rock, Arkansas, and lot 4, block 4, Russell's Addition to the city of Little Rock, Arkansas, be and the same are hereby divested out of William F. Meyer and

Leora E. Meyer, minors, and out of Ora Lee Meyer, as an individual and as guardian and curator of William F. and Leora E. Meyer, minors, and be and the same are hereby invested in either G. S. Jernigan, as State Bank Commissioner in charge of the American Exchange Trust Company, insolvent, or in the Fidelity & Deposit Company of Maryland, whichever shall pay said judgment."

From the findings and decree, G. S. Jernigan as State Bank Commissioner in charge of the American Exchange Trust Company, insolvent, and the Fidelity & Deposit Company of Maryland prayed an appeal to this court which was granted, and the interveners excepted to that part of the decree reducing the interest rate from 6 per cent. to 4 per cent., and prayed an appeal to this court which was granted.

The record reflects that on February 27, 1930, the American Exchange Trust Company was duly appointed curator of the estate of William F. and Leora E. Meyer, minors, and who are still minors, by the Pulaski county probate court, and that the Fidelity & Deposit Company of Maryland executed a bond as surety for the faithful performance of the duties of said guardian in the penal sum of $2,500; that said trust company took possession of said assets appraised at $3,645.73; that at the time it owned a note for $9,750 executed by Louis B. Siegel and wife secured by a mortgage on the lots heretofore described; that it invested $1,000 of the assets of the minors in one of the Siegel notes in the sum of $1,000 secured by the mortgage that the Siegel note was due and payable on the 4th day of April, 1931, and that it made this investment without getting an order from the probate court to do so; that in November, 1930, the American Exchange Trust Company became insolvent, and the Bank Commissioner took over its assets for liquidation; that on account of the insolvency of said trust company, Mrs. Ora Lee Meyer, the mother of the minors, by petition to the probate court requested the removal of the American Exchange Trust Company as curator which

petition was granted and she, herself, was appointed curator for the estate of said minors on February 26, 1931; that said curator was ordered to make a final report, and to turn over the assets of the minors to her which it did through the Bank Commissioner; that included in these assets was the Siegel note and mortgage which she received and receipted for as guardian of said minors; that on June 3, 1931, the report was approved and confirmed by the court, and the American Exchange Trust Company and the Fidelity & Deposit Company were discharged; that after receiving the Siegel note in 1931, Louis B. Siegel went into bankruptcy and later received his discharge; that he had not listed the Siegel note and mortgage in the bankruptcy proceedings, and that on March 1, 1933, Mrs. Ora Lee Meyer, as guardian in succession for the minors, filed a petition in the United States District Court to reopen the bankruptcy proceedings, alleging ownership of the $1,000 Siegel note, and that same was a valuable asset; that pursuant to her request and that of other creditors interested in the $9,500 note the court opened up the proceedings to the end that she and the other owners of said notes might foreclose the mortgage securing same; that judgment was recovered on the notes, the mortgage foreclosed, and the property ordered sold to pay the judgment; that same was sold by the commissioner of said court and the holders of the respective notes purchased the lots and received a commissioner's deed for their respective interest therein; that Mrs. Ora Lee Meyer recorded her commissioner's deed on March 16, 1937, and that she conveyed the undivided interest in said lots to the minors by quitclaim deed and recorded the deed; that subsequently she filed a petition in the Pulaski county probate court stating that she had this valuable asset, and that it was needed for the support and maintenance of the minors which order was granted, and that the property was sold pursuant to an order of the court after proper advertisement and sold to George H. Burden for $1,800, which sum was the highest bid and was three-fourths of the appraised value of the property; that later the pro-

bate court confirmed the sale and authorized Mrs. Ora Lee Meyer, as guardian of the minors, to convey by proper instrument the lots to George H. Burden; that all the appraisements of these lots in the process of the administration of the guardianship show that said property was worth more than the note of $1,000 which the American Exchange Trust Company purchased for the minors out of the minors' assets after it was appointed curator for them.

After a careful reading of the testimony we find no evidence in the record showing that the American Exchange Trust Company or any of its officers made any misrepresentations or practiced any deception upon the probate court or its successor to the guardianship of the estate, Mrs. Ora Lee Meyer, in the final report it filed or in securing the discharge of itself and bondsmen from liability in the administration of the estate of said minors during the time it acted as guardian for them or that it or any of its officers knew that the property described in the mortgage securing the Siegel note was of little value. In fact the record does not reflect what the value of the security was when the American Exchange Trust Company turned the security over to Mrs. Ora Lee Meyer as guardian in succession for said minors nor its present value. The mortgage of the property, and the character of the property accepted by her as guardian was known to her, and the fact that the investment had been made without first obtaining an order of the probate court was necessarily known to her. She had every opportunity to except to this item in the account at the time she procured the removal of the American Exchange Trust Company as guardian. She could then have excepted to the item, and could have appealed from the approval and confirmation of the final report of the American Exchange Trust Company, but instead of doing this she later went into the Federal court as guardian for said minors and reported the property to be a valuable asset and foreclosed the mortgage, purchased the property at the sale, accepted the commissioner's deed, and thereafter conveyed the property to the minors. She later procured a sale of the

property in the probate court for the support and maintenance of the minors and sold same for $1,800. It seems that on account of some provision in the will made by William F. Meyer, deceased, the sale was not perfected, and that the title to the lots is still in the minors and under the control and management of Mrs. Ora Lee Meyer, as guardian for them.

For nearly six years after she received this property as guardian in succession for the minors it was treated as a valuable asset, and to the extent that Mrs. Ora Lee Meyer as guardian for said minors foreclosed the mortgage in the Federal court in the bankruptcy proceedings of Louis B. Siegel pending therein, and that at the foreclosure sale purchased same for the minors and thereafter conveyed same to them; and that subsequently, acting for the minors, she applied to the probate court alleging that the property was valuable, for an order to sell same for the support and maintenance of the minors, and that she procured the order and actually sold it for $1,800.

We think the conduct of Mrs. Ora Lee Meyer acting in behalf of the minors relative to the Siegel note and mortgage clearly estops her and the minors she represented from prosecuting this suit to falsify and surcharge the final account of the American Exchange Trust Company as to this item, on the allegation and proof that the American Exchange Trust Company invested the minors' money in the Siegel note without first procuring an order from the Pulaski probate court to make the investment. No actual loss is shown to the estate on account of the investment. If this illegal act of making the investment, without first procuring an order to do so is the character of fraud which will be relieved against in a court of equity, which we doubt, the guardian and minors are certainly estopped after nearly six years from prosecuting this suit. In *Woodall* v. *Moore,* 55 Ark. 22, 17 S. W. 268, this court has laid down the rule which we think peculiarly applicable to this case, which rule is as follows: ''When infants by their guardian or next

friend come into court to assert their rights, they proceed under the eye of the court, and are supposed to enjoy its care and protection, and conclusions therein reached are as binding upon them as upon persons *sui juris.*"

Every proceeding in the course of the administration relative to the property in question was done under the eye of the court and under its care and protection, and in view of this fact the action of the guardian in holding and treating this asset as valuable for all these years under such supervision is attributable to the minors, and that both the minors and the guardian are clearly estopped in good conscience from prosecuting this suit, especially is this true in view of the fact they have not produced any evidence of actual fraud which caused them to lose anything, and simply upon the ground that an order to make the investment was not first procured from the probate court.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to dismiss the intervention.