MEYER *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND.

4-5306                                      122 S. W. 2d 586

Opinion delivered December 19, 1938.

*Bradley & Patten,* for appellant.

*McKinley & Thompson, Lee Cazort* and *Horace Chamberlin,* for appellee.

BAKER, J. This case on appeal is very similar to one in which we rendered an opinion on November 14, 1938, *Fidelity & Deposit Co. of Maryland* v. *Meyer, Guardian, ante* p. 42, 121 S. W. 2d 873.

The cases are not exactly identical. For that reason it is necessary to give some consideration to matters appearing in this appeal, not presented in the first case. We see no reason in this case for a restatement of the facts further than to set forth matters anew that distinguish this appeal from the other, and only such other facts necessary for the continuity of a statement of propositions herein discussed.

There were five Louis B. Seigel notes, each being for the sum of $1,000. One of these notes was involved in the case decided November 14th. It was separated from the other four and presented in that case because it had been taken over and held by the guardian and curator of the minors who were suing upon a guardian's bond, given by the present guardian's predecessor.

The four notes involved here were part of the same series and they were taken over and held by the administrator with the will annexed of the estate of William F. Meyer, deceased. In each case the suit was instituted in the name of the minor children of William F. Meyer by their guardian, Ora Lee Meyer, who was also their mother. The bond sued on in this case is one executed by the American Exchange Trust Company as the administrator in succession to Exchange National Bank.

The allegations or facts upon which liability are founded is substantially to the effect that the Exchange

National Bank was administrator, with the will annexed, of the estate of William F. Meyer, deceased, and that that banking institution, while acting as such administrator, bought from itself, as the banking institution, the four $1,000 notes now in controversy; that later the Exchange National Bank was succeeded as administrator by the American Exchange Trust Company, and that the Exchange National Bank made a final settlement which was duly approved by the probate court and delivered over to the American Exchange Trust Company the four notes and took a receipt therefor. Later the American Exchange Trust Company became insolvent and Mrs. Ora Lee Meyer was then appointed administratrix in succession with the will annexed, and from settlement made by the American Exchange Trust Company, accepted the four notes, receipting for the same and without any objection upon her part to the settlement made, the American Exchange Trust Company's settlement was duly approved and it was discharged. All of this occurred six or seven years ago, but the statute of limitations, as affecting the administrator's bond is not raised and perhaps could not be if there is any liability. That statute is eight years. Pope's Digest, § 8936.

Mrs. Meyer, as administratrix, after accepting these notes, sued on them, foreclosed the mortgage, and procured sale of the property mortgaged to secure the notes, bought in the property herself for her wards and has continued to hold the same since 1931. Now since she, as guardian, or the children, in their own right, have acquired title, a difficulty in the disposition of such property has arisen. It did not arise out of any inherent defect in the notes or mortgage given to secure them. Whatever question there is arises out of the will of William F. Meyer to the effect that the corpus of his estate should be retained for the benefit of his children until they have attained the age of twenty-six years. It is urged now that this land is of comparatively little or no value; that taxes have accumulated against it, and that it is not income producing, but is wild and unimproved. The relief prayed for is that the bonding company, the appellee herein, should be compelled to accept the land under a

decree awarding the same to it and that it should be required to pay the $4,000 represented by notes, with interest from the date of the wrongful purchase of the notes with the money belonging to the estate of Meyer by the Exchange National Bank, the predecessor of the American Exchange Trust Company.

The chancery court held against this contention, denied the right to recover and it is from this decree that this appeal has been taken. There is no substantial dispute concerning the facts involved in this controversy. The appellants state their contention in the following language:

"We predicate the liability of the American Exchange Trust Company and its surety, the Fidelity & Deposit Company of Maryland, upon the following: (1) the Exchange National Bank, as administrator with the will annexed of the estate of William F. Meyer, deceased, could not legally purchase from itself, and such attempted purchase was void; (2) the investment of the said Exchange National Bank of funds of the estate in notes held by itself without authority of the probate court was void; (3) the $4,000 was deemed to still be in the possession of the Exchange National Bank when it merged with and was absorbed by the American Exchange Trust Company; (4) the investment of the funds of an estate without authority does not vest title to such property in the purchaser and consequently the funds were transferred to the American Exchange Trust Company by the merger; (5) the $4,000 represented unadministered funds and the title to same passed to the American Exchange Trust Company by the merger; (6) the administrator is required by law to pursue its successor and failed to do so at its peril, consequently, the American Exchange Trust Company is to be charged with the $4,000; (7) the American Exchange Trust Company, by its agreement, assumed all of the deposits and trust funds of the Exchange National Bank, and, consequently, assumed and took over the $4,000 of the estate on deposit in the Exchange National Bank; and (8) the American Exchange Trust Company failed and refused to turn over to Ora

Lee Meyer, as administratrix in succession, the $4,000, with interest.

An analysis of this contention is to the effect that the investment made by the Exchange National Bank in the purchase of these notes was illegal and void and that the American Exchange Trust Company should not have accepted the notes, but should have declined to do so; that it should have sued the Exchange National Bank and its bondsmen for the $4,000 and interest; that upon its failure to do so, the bond executed by it to account for property coming into its hands became liable to the same extent and with like effect as if it had received the $4,000 in cash, with interest instead of the notes purchased by its predecessor.

It is argued now that had it sued its predecessor it would have been able to collect the said debt. The American Exchange Trust Company, however, did not sue the Exchange National Bank and, so far as this record discloses, Mrs. Ora Lee Meyer, as administratrix in succession and as guardian, did not sue the said bank. This is merely mentioned, however, as an argument *ad hominum,* as it perhaps indicates what was in the mind of all parties at that time, a belief that the notes were valuable securities, worth probably more than their face, because they were substantial investments considered amply secured.

It is argued also at this time that this suit is one by the minors and it is stated, presumably from the record, that Mrs. Ora Lee Meyer had disavowed and disclaimed any interest under the will, but had elected to claim under the law and had received from the estate of her husband her part thereof and for that reason the children were proper parties to maintain this suit.

The appellee in response to the arguments urged to the effect that the sureties on the bond for American Exchange Trust Company became liable for the default of the predecessor, Exchange National Bank as administrator with the will annexed, is that, since the act of the Exchange National Bank was illegal in the investment of money belonging to the estate in the notes without first having procured an order from the probate court

authorizing such action, that the money so invested must be treated as a continuing fund, even after such investment, in the hands and possession of the Exchange National Bank, and in like manner must be treated as in the possession of the American Exchange Trust Company when it became administrator in succession, is to the effect that the bond executed by the American Exchange Trust Company does not so provide by its express terms nor by implication. It is true that there are numerous decisions to the effect that the administrator in succession may make his predecessor account for assets belonging to the estate and nobody doubts the soundness of the principle urged, but that is not the contention made here by the appellants. Their contention is to the effect that notwithstanding the fact that the Exchange National Bank had made settlement, its settlement had been duly approved by the probate court; that every administrator in succession thereafter became liable when it accepted property and assets from the predecessor and was charged with liability for any wrongful act of any kind or default of such predecessor.

In answer to that contention let it be said that the bond of the administrator is a statutory bond. If insufficient by reason of any inadvertent omission from its express terms, such deficiency must be deemed as supplied by the law. If there were additions to the bond not authorized by law, such additions would be declared as surplusage. *Jones* v. *Hadfield,* 192 Ark. 224, 96 S. W. 2d 959, 109 A. L. R. 488.

Our holding is that an administrator in succession is not charged with the illegal acts of his predecessor to the extent that he, if he accepts the trust when appointed and when he makes bond, must take such trust coupled with the absolute or mandatory duty to determine the legality or illegality of his predecessor's conduct and act accordingly. The administrator with the will annexed and the surety here involved received, according to order of the probate court, property tendered without loss, without any act of bad faith and in accordance with the contractual obligations of suretyship of the appellee, bonding company. See §§ 24, 32 and 45 of Pope's Dig.;

*Sebastian* v. *Bryan*, 21 Ark. 447; *State* v. *Stroop*, 22 Ark. 328; *Fidelity & Deposit Co.* v. *Fairchild*, 164 Ark. 498, 262 S. W. 322.

While the foregoing is a conclusion of the rights of all the parties, it is not amiss to answer the earnest arguments and suggestions of counsel for appellants. They say, first, that this proceeding must be regarded as if the money were actually in the possession of American Exchange Trust Company when it made this bond for the reason that he had a right to recover it in proper suit; that in law the money was in possession of the administrator.

If that fiction be indulged, then the fiction must go further and hold that, since it had the money and there was no default and it delivered over the same property that it received, then the present administrator with the will annexed, carrying the same fiction to the ultimate conclusion, now possesses the assets sued for. A mere statement of the proposition is its answer. There certainly cannot be liability without default. No default has been established against the American Exchange Trust Company or its surety.

It is argued also that, since this suit is one by the minors themselves, and not by their mother who accepted the four notes sued on, foreclosed the lien and bought in the property, such minors are not estopped and, although Mrs. Meyer, administratrix in succession, might be deemed estopped, these children will not be because they have not so acted. This contention is contrary to the holding in the case of the same style, decided by us on November 14th. In addition, it is contrary to an essential part of the record here presented. These children claim under the will of their father and the will is a part of this record. We have also recited the fact that the will provides that they shall not have possession of this property until they attain the age of twenty-six years and it is recited in some of the briefs to the effect that that period is approximately ten years off.

The correctness of the declaration that the corpus of the estate is to be held by the administratrix until the children shall attain the age of twenty-six years is not

disputed. They cannot recover a judgment for property, the possession of which is denied them both by the will and by the law. If they could recover under any theory, their recovery would have to be for the benefit of the administratrix with the will annexed, else a recovery would defeat the purposes of the will. That is not allowable. Although it seems such must be the ultimate conclusion of appellant's contentions, they refrain from a discussion of this result.

All other questions presented have been duly argued, have been found to involve the same principles decided in the case of *Fidelity & Deposit Co.* v. *Meyer, Guardian, ante* p. 42, 121 S. W. 2d 873.

We cannot think there is any merit in repetition or duplication. Since the opinion delivered November 14th is conclusive upon us and the parties involved in this litigation, we hold that the decree in this case is correct.

It is affirmed.