MURRAY vs HOUGHTON.

Opinion Delivered June 12, 1899.

*Ejectment—Statute of Limitations—Suspension by Death—Minors.*

> When the statute of Limitations has been set in motion during the life time of the ancestor, his death will not suspend it, even as against minor heirs.

Appeal from the United States Court for the Southern District.

CONSTANTINE B. KILGORE, Judge.

Action by Mrs. S. E. Houghton and others against E. W. Murray. Judgment for plaintiffs. Defendant appeals. Reversed.

This action was brought by Mrs. S. E. Houghton, widow of one R. A. Houghton, and Otis, Clara, and Reuben Houghton, minor heirs of R. A. Houghton, deceased, to recover possession of certain premises situate in the town of Purcell, in the Chickasaw Nation, claiming to succeed to the right of Houghton & Upp, who were in possession of the premises sued for in the year 1889; that Upp had transferred his interest to R. A. Houghton in 1892; that R. A. Houghton died intestate in May, 1894; that the plaintiff Mrs. S. E. Houghton is the widow, and Otis, Clara, and Reuben Houghton are the only heirs at law, of the said R. A. Houghton, deceased; that during the month of December, 1889, the appellant, Murray, had taken possession of the premises sued for, and that the said defendant, appellant here, had been in possession of the same since the said month of December, 1889, and had kept plaintiffs and those under

whom they claim out of possession since December, 1889, to their damage in the sum of $200; and prayed judgment for possession of said premises, damages, and costs.  All of the parties to the action were citizens of the United States, and the suit was commenced and process issued on the 6th day of February, 1896.  Trial was had before a jury, and verdict and judgment had in favor of appellees and against the appellant for the possession of the premises sued for and $75 damages.  Motion for a new trial was made and overruled, and defendant prayed and was allowed an appeal to this court.

*J. W. Hocker* and *Zol J. Woods*, for appellant.

*George M. Miller*, for appellees.

THOMAS, J.    The only question which it will be necessary to consider and determine here is whether or not the appellees' right of action was barred by the statute of limitations on February 6, 1896, when this action was instituted in the trial court.    The question was properly raised by the defendant in the trial court by his answer; by his objection to the admission  of any testimony upon the part of the plaintiffs, made at the commencement of the trial on account of the insufficiency of the complaint; by his request made to the court at the close of the testimony to direct the jury to return a verdict for the defendant; and by his request made to the court to charge the jury, in substance, that if the plaintiffs or those under whom they claimed, had been five years out of possession of the premises sued for before the commencement of this action, they should return a verdict for the defendant,—all of which were overruled by the trial court, exception saved, and the matter properly presented for review here.    It appears of record and is admitted that the plaintiffs and those under whom they claim had been out of possession since December, 1889; that the statute of limi-

tations was set in motion May 2, 1890, when it was enacted and put in force in the Indian Territory during the lifetime of R. A. Houghton, the husband and father; and that R. A. Houghten died intestate in May 1894; but counsel for appellees contends that the widow, Mrs. S. E. Houghten. would have until three years after the death of her husband, and the minors until three years after attaining their majority, within which to bring this action. This court has heretofore held that section 4476, Mansf. Dig., which provides that "no action for the recovery of real property, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff or his intestator or intestate has been five years out of posession," applies in actions for the possession of lands in any of the Five Civilized Tribes, the court taking judicial notice of the fact that the title is in the nation. In Bozeman v. Browning, 31 Ark. 364, Chief Justice English, delivering the opinion of the court, held that, where the statute of limitations had begun to run in the lifetime of the deviser, no disability in the devisee would arrest it. In Keith v. Freeman, 43 Ark. 296, which was an action of ejectment brought by the heirs of Jackson S. Freeman, who died in 1861, one of his minor heirs, Minnie Freeman was born in 1862. The lands sought to be recovered had been forfeited and sold for nonpayment of taxes in 1872. She did not attain her majority until 1880, and less than two years before that action was brought, and the court, in an opinion delivered by Justice Eakin, held that, inasmuch as the forfeiture and sale had occurred after the death of the ancestor, and during the minority of the heir, the statute did not run against the heir during her minority. In Dowell vs Tucker, 46 Ark. 438, which was an action by the heirs of Martha C. Dowell to set aside the will of Samuel Robinson, her father, it appeared that at the time the will was probated October 11, 1865, Martha C. Dowell, who was the sole heir, was a married woman, and so continued until her death

in 1868, when she died intestate, leaving the plaintiffs her sole heirs and distributees. The action was brought August 18, 1884, and Justice Battle, in delivering the opinion of the court, said: "Under this state of facts, Martha C. Dowell was the only party who had a right to contest the will of Robinson during her lifetime. She was a married woman and the five years did not commence running during her coverture; but when she died it commenced running against the plaintiffs. The fact that they were minors did not prevent the statute running. They cannot tack their disabilities to that of their mother, Martha C. Dowell, in order to suspend or continue the suspension of the operation of the statute. This is a well-settled principle of law. Ang. Lim. (6th Ed. ) §§ 197, 198, 477, 479, 482; Wood, Lim. § 251; Thorp vs Raymond, 16 How. 247; Lewis vs Marshall, 5 Pet. 469; Carter vs Cantrell, 16 Ark. 164; Parsons vs McCracken, 9 Leigh, 495; Bunce vs Wolcott, 2 Conn. 32." In Clements vs Cates, 49 Ark. 243, 4 S. W. 776, in which the same question was considered and determined, and which was an action to have the purchase of a tract of land by the defendant declared a purchase in trust for the benefit of all parties to the action, a plaintiff, who was a married woman at the beginning of the adverse possession relied on by the defendant, and who so continued to be until the commencement of the action, it was held was not barred by the seven-years statute of limitations, nor would her co-plaintiffs, who were minors when the action was commenced, be barred without showing that such adverse possession began in the lifetime of their mother, under whom they claim. In Bender vs Bean, 52 Ark. 143, 12 S. W. 182, Chief Justice Cockrill, delivering the opinion of the court, said: "The plaintiffs who recovered against Bean were minors when their cause of action accrued and when the suit was brought and the statute of limitations did not operate as a bar against them. But the minority of the heirs of Agnes Douglass is no pro-

tection to them, because the statute was set in motion in the lifetime of their mother. Carroll vs Johnson, 41 Ark. 59; Keith vs Freeman, 43 Ark. 296." In Gibson vs Herriott, 55 Ark. 97, 17 S. W. 592, Justice Battle, in delivering the opinion of the court, said: "As an infant is not sui juris, laches cannot be applied to him during the continuance of his minority. But, following the analogy of the statute of limitations, it has been held that, where time has commenced to run against the ancestor, it still continues to run against the minor heir. Williams vs Society, 1 Ohio St. 478; Henry vs Conn, 12 Ohio, 193; Wilson vs Harper, 25 W. Va, 179." In this last case the right of action had not accrued to the ancestor in her lifetime, but it appeared that the sale of the lands which it was sought by that proceeding to have set aside as fraudulent had been made after the death of the ancestor and during the minority of the heirs who were the owners of the land at the time the right of action accrued, and the court properly held in that cause that the statute did not run against the minors during their minority. But in the case at bar the statute had been set in motion during the lifetime of the ancestor, and had run for a period of four years before his death. It has been uniformly held by the supreme court of Arkansas, in construing the same statute of limitations as was afterwards adopted and put in force in this territory, as appears from the foregoing cases which we have cited, that, where the statute of limitations has been set in motion during the lifetime of the ancestor, his death would not suspend or continue it. If in this cause the adverse possession had commenced after the death of R A. Houghton, his minor heirs would undoubtedly have had until three years after attaining their majority within which to have commenced this action. We are therefore of the opinion that the trial court erred in refusing to instruct the jury to return a verdict for the defendant as requested, and in overruling the other motions and requests of the defend-

ant raising this proposition, and its judgment is reversed, and the cause remanded. Reversed and Remanded.

SPRINGER, C. J., and CLAYTON and TOWNSEND, JJ., concur.