BLANTON *v.* ROSE.

Opinion delivered March 22, 1902.

1. INFANCY—DECREE.—A decree against an infant, divesting his title to land, if regularly obtained, is not void, but voidable for cause. (Page 417.)

2. SAME—CONSTRUCTION OF STATUTE.—Under Sand. & H. Dig., § 5871, providing that "it shall not be necessary to reserve in a judgment or order the right of an infant to show cause against it after attaining his full age, but in every case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment," *held,* (1) that the statute is notice to all the world in cases where it applies; (2) that the statute applies wherever there is a decree divesting an infant of an interest in land, or a conveyance of land is required of him. (Page 417.)

Appeal from Cross Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed in part.

Ada Neal, adult, and William, Sarah and Sabina Rose, infants, on January 7, 1898, filed a bill against William M. Block, as administrator of W. B. Rose, deceased, and H. T. Blanton, to review a decree rendered on November 4, 1893, whereby the title to a tract of land was divested out of appellees and vested in W. B. Rose.

The complaint alleges that the adult plaintiff is the widow, and the other plaintiffs the sole heirs of Vachel Rose, deceased; that the latter in his lifetime purchased the land, which is the subject-matter of the controversy, from John Stoner; and that the original bill, filed by W. B. Rose, in the cause sought to be reviewed, alleged that the purchase by Vachel, who was a son of W. B., was not for himself, but was as the agent of the said W. B., and that the purchase price of the land to Stoner was paid with the money of W. B., and that the deed, while made to Vachel, should have been made to W. B.; and while on this original bill, and the proof offered in its support, the court decreed the title to W. B. Rose, appellees allege that it was not true that their ancestor purchased the land for his father, nor that the father's money paid for it, but that, in fact, their father purchased the land for himself, and it was conveyed to him by Stoner, and that for a portion of the purchase price he executed his note to Stoner, and that it was not expected nor intended that his father should have any interest in the land or in the purchase. It is charged that W. B. Rose is dead, and the appellant, William M. Block, is his administrator; and that the title acquired by him under the decree sought to be reviewed had passed from him to others and thence to R. Block, who had quit-claimed the land to H. T. Blanton, appellant. The prayer was that the decree be vacated and set aside, and the title of the appellees be quieted.

The court, upon the evidence, found that plaintiffs were entitled to have the original decree set aside, and to have the title of the land and its possession quieted in them, and this was the order, and to reverse it this appeal was taken.

*F. H. Sullivan,* for appellant.

In such a case as this the infant must show that the decree is prejudicial to his rights. 49 Ark. 417; 55 Neb. 413. Conceding the infant's rights, it does not apply against appellant, a *bona fide* purchaser. 49 Ark. 417; 2 Fr. Judg. § 513; 1 Black, Judg. § 194; 45 Ill. 14; 47 Ill. 433; 73 Ill. 422; 54 Mo. 577; 100 Mo.

340; 6 Bl. 466; 31 Cal. 273. The purchaser's title was not subject to *lis pendens.* 3 Ohio, 338; 100 Mo. 340; 12 Cal. 557; 13 Cal. 604; 41 Ill. 425; 84 Ill. 355; 26 La. Ann. 307; 28 Neb. 605.

*Norton & Prewett,* for appellee.

It is proper to reserve in a decree the right of an infant to show cause. 76 N. W. 19; 1 Vern. 295; 3 Johns. Ch. 367. There could be no innocent purchaser. 58 Miss. 523; 10 U. S. S. C. Rep. 638.

WOOD, J. The questions are:

First. Could the infant appellees avoid the original decree as against the representative of the Rose estate?

Second. Could they avoid it as against the appellant Blanton?

Third. Could Mrs. Ada Neal avoid the decree?

1. The proof shows that the land in controversy was the property of Vachel Rose at the time of his death. This is sufficient to entitle the appellees, the infant heirs of Vachel Rose, to the relief sought, as against the representative of the W. B. Rose estate.

2. Section 5871, Sand. & H. Dig., is as follows: "It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment." The statute is notice to all the world in cases where it applies, and there can be no such thing as an innocent purchaser in those cases. Nor can anyone plead protection by virtue of title acquired under a decree of court. Decrees, however, regularly obtained, are not void, but only voidable for cause. *Houston* v. *Aycock,* 5 Sneed, 406, 415.

To what cases does the statute apply? Where the effect of the decree is to divest the infant of an interest in land, or where a conveyance is required of an infant in lands where he has a personal interest under the ancient chancery practice, it would have been proper in such cases to reserve in the decree a day for the infant to show cause against it after becoming of age. "I take it to be the course of the court," says Lord Chancellor Hardwicke, "not to give any day unless a conveyance is directed in form or substance." *Sheffield* v. *Buckingham,* West's Rep. 684; *Napier* v. *Lady Effingham,* 2 P. Wms. 403; *Cary* v. *Bertie,* 2 Vern. 342; *Eyre*

27

*v. Countess of Shaftesbury,* 1 P. Wms. 403; 1 Dan. Ch. Pr. 165; *Dow* v. *Jewell,* 21 N. H. 490; *Long* v. *Mulford,* 17 Ohio St. 484, 506; *Harris* v. *Youman,* Hoff. 178; *Pope* v. *Lemaster,* 5 Litt. (Ky.), 77. Under the old English chancery, where there was a foreclosure—strict foreclosure—the infant had his day in court after coming of age. *Sayle & Freeland case,* 2 Ventris, 350; *Price* v. *Carver,* 3 M. & C. 162, 3. "But in the case of decrees for the foreclosure and sale of mortgaged premises, or for the sale of lands under a devise to pay debts, the infant had no day." 2 Kent, Com. 245; *Booth* v. *Rich,* 1 Vern. 295; *Scholefield* v. *Heafield,* 7 Simons, 667; *Cooke* v. *Parsons,* 2 Vern. 429; 1 Dan. Ch. Pr. 165 *et seq.;* *Wilkinson* v. *Oliver,* 4 Hen. & Munf. 150, and other cases cited in Am. Ch. Dig. (Decree), 497; *Mills* v. *Dennis,* 3 Johns. Ch. 367, and cases cited in note.

The reason for the distinction and the policy of the statute does not concern us here. It follows that the infant appellees could avoid the decree as to appellant Blanton. The case of *Moore* v. *Woodall,* 40 Ark. 42, and *Boyd* v. *Roane,* 49 Ark. 397, relied upon by appellee, are not in point. The question under consideration was not raised or discussed in those cases. Moreover, in both a sale of the land was decreed to satisfy liens.

3. Mrs. Ada Neal was under no disability when the decree in favor of W. B. Rose was rendered. Blanton was an innocent purchaser for value of the dower interest of Mrs. Ada Neal, which passed by the original decree, and he is entitled to have the same assigned to him. *Weaver* v. *Rush,* 62 Ark. 51. The decree is affirmed as to the infant appellees. As to the appellee Mrs. Ada Neal, the decree is reversed, and the cause is remanded, with directions to have her dower interest in the lands in controversy set apart and passed to appellant Blanton.