## MARTIN *v.* GWYNN.

### Opinion delivered March 22, 1909.

1. JUDGMENTS—CONSTRUCTIVE SERVICE—NECESSITY OF BOND.—Where a copy of the complaint in a cause, with a summons annexed, was served on a nonresident defendant, as provided by Kirby's Digest, § 6053, the bond required by Kirby's Digest, § 6254, to be filed in case of constructive service upon a nonresident defendant was not necessary. (Page 48.)

2. INFANT—DEFENSE BY FOREIGN GUARDIAN.—Although it is irregular to permit a foreign guardian to make defense for a nonresident infant who is sued in this State, such irregularity does not render the judgment void. (Page 48.)

3. SAME—RIGHT TO VACATE JUDGMENT.—Kirby's Digest, § 6248, providing that "it shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age, but in every such case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment," applies to a suit against an infant to cancel a deed. (Page 49.)

4. SAME—VACATION OF JUDGMENT AGAINST—CAUSE.—Under Kirby's Digest, § 6248, providing that an infant may, within twelve months after arriving at the age of 21 years, show cause against a judgment obtained against him before reaching that age, and § 4434, *Id.,* providing that "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment was rendered," a judgment against an infant will not be vacated except for errors which affect the substantial rights of the infant. (Page 49.)

Appeal from Greene Chancery Court; *Edward D. Bobertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

On the 22d day of December, 1886, W. H. Martin and wife conveyed 120 acres of land in Clay County to their son, Edgar C. Martin, by warranty deed, which was recorded on the 27th day of December, 1886. W. H. Martin continued in possession of the land and claimed to be the owner thereof after this deed to his son was executed. More than a year afterwards, while he was still in possession, he borrowed eight hundred dollars from E. N. Royall and J. A. McNeil, for which he executed to them his note payable one year after date, and gave them a mortgage on this land to secure the note. W. H. Martin died on the 4th of February, 1891, without having paid the mortgage debt.

In September, 1891, Royall and McNeil brought suit to foreclose the mortgage. The five children of W. H. Martin, who were his sole heirs at law, were made parties defendant, as was the administrator of Martin's estate. The complaint alleged that the deed to Edgar C. Martin was a voluntary conveyance executed while W. H. Martin was insolvent, and that it was void both as to prior and subsequent creditors. The plaintiffs asked for a judgment against the estate for the debt,

and for a decree cancelling the deed to Edgar C. Martin, and foreclosing the mortgage by a sale of the lands. At the time this suit was instituted, Edgar C. Martin, one of the defendants, was a minor, and was residing with his uncle in Illinois, in which State his uncle had qualified as his guardian. Service was had upon him by the delivery to him and to his guardian in Illinois of a summons with a copy of the complaint attached, as provided in section 6053 of Kirby's Digest. The Illinois guardian employed an attorney who filed an answer for the infant denying all the material allegations of the complaint.

The court, after hearing the evidence, found that the deed from W. H. Martin to his son was a voluntary conveyance, and that W. H. Martin at the time he executed it "was insolvent, and that said conveyance was made with the intent to fraudulently delay his creditors in the collection of their debts, both prior and subsequent." The court cancelled the deed, and decreed a foreclosure of the mortgage. The lands were sold under the decree, and purchased by the mortgagees at the sum of $1150, and they afterwards sold to C. T. Gwynn.

The appellant brought this suit within a year after reaching his majority for the purpose of vacating the above decree. He alleges, after setting out substantially the above facts, as grounds for vacating the decree the following: "that no warning order was published against him, no guardian *ad litem* was appointed, and no bond was made, as required by law, that it was not true that W. H. Martin was insolvent at the date of the deed to appellant, and it was not true that said deed was executed by W. H. Martin to defeat his prior and subsequent creditors; that at that time W. H. Martin was solvent."

The answer alleged that the deed from W. H. Martin to his son was executed to defraud creditors of W. H. Martin, prior and subsequent, that the deed was not delivered, that appellant was personally served with summons as provided by law in the suit to cancel the deed and to foreclose, and that he was represented in that suit by his regular guardian, who was also personally served with summons, and that every legal step was taken to protect appellant's interest. The answer admitted that no warning order was published against Edgar C. Martin,

or bond executed in his favor, and that no guardian *ad litem* was appointed for him.

The cause was heard upon all the pleadings, papers and depositions, both in the suit to cancel and foreclose and in this suit.

The evidence taken by agreement in the suit to cancel deed and foreclose the mortgage (and which is evidence in this case) showed that as early as February, 1882, a judgment was rendered against W. H. Martin in the sum of $1120. This judgment had not been satisfied, and on the 18th day of December, 1886, an execution was issued thereon for a balance of $443.20. In 1884 W. H. Martin executed a mortgage to C. Wall. This mortgage was foreclosed on the 6th day of March, 1888, for the sum of $455.22, and the sale of the land under it did not satisfy the decree. On the 3d of February, 1887, Martin executed a mortgage to J. B. and J. J. Allen to secure a debt of $575.

J. A. McNeil testified that after the conveyances from W. H. Martin to his sons he did not own sufficient property to pay his debts, and that the Martin estate was insolvent.

E. N. Royall testified that at the time of the execution of the mortgage to him and McNeil W. H. Martin was in possession of the land and was cultivating it, and that the witness did not know that the deeds to Martin's sons had been executed.

Walter Martin testified that he did not know of the deed from his father to him until after his father's death, and that he paid no consideration; that his father had been in possessic of the land for 10 years.

C. L. Sides testified that he heard W. H. Martin state during his lifetime that he executed a mortgage to Royall and McNeil in order to get money to pay off an execution in favor of Hartline. That W. H. Martin conveyed all the land he owned to his boys, Walter L. and Edgar C. Martin, except 160 acres. That 80 acres of this has been sold under the decree of the court, and that the other 80 acres is not worth more than $200.

There was evidence tending to prove that W. H. Martin was insolvent at the time of his death, and the court so found

The court found in favor of appellees, and dismissed the complaint for want of equity.

*J. D. Block* and *Murphy, Coleman & Lewis,* for appellant.

1. Under the statute the minor had a right to bring suit to vacate the decree. Kirby's Digest, § 6248, 70 Ark. 415; 81 *Id.* 464.

2. The deed was not void as to creditors. The father was solvent at the time the deed was executed. 101 U. S. 227; 111 *Id.* 118; 74 Ark. 161; 50 *Id.* 46; 42 *Id.* 170; 56 *Id.* 238; 8 Wheat. 229; 112 U. S. 149; 14 A. & E. Enc. Law, (2 Ed.) 309; 63 Ark. 416.

*J. H. Hill, L. Hunter* and *G. B. Oliver,* for appellees.

1. Service was had according to law. Kirby's Digest, § § 6553-4, 6023, 4434. In proceeding under § § 4431-3, it is necessary to show errors in the judgment sought to be set aside. 49 Ark. 417.

2. The deed was void as against creditors and *bona fide* purchasers.

WOOD, J., (after stating the facts.) The court found that "all the service which was had upon the said Edgar C. Martin was by summons by certified copy of the complaint attached, and made upon him in the State of Illinois, where he then resided, that he had no guardian in the State of Arkansas, and that his regular statutory guardian in the State of Illinois employed an attorney in said cause who filed the answer therein." This service was in compliance with the requirements of section 6053 of Kirby's Digest, and when service is had in this way "it shall be deemed an actual service of the summons." Section 6054, Kirby's Digest. Therefore, as no personal judgment was rendered against appellant in the suit to set aside the deed, and as he was not constructively summoned, the bond required to be filed by section 6254, Kirby's Digest, in favor of parties constructively summoned was not necessary. See section 6264, Kirby's Digest. The court therefore had jurisdiction of appellant in the suit to cancel his deed.

The court accepted the defense that was made for him by his guardian appointed in a foreign State where the appellant resided. The attorney employed by his guardian filed an answer

denying all the material allegations of the complaint, and the court doubtless considered it a *bona fide* and full defense, as much so as could have been made by a guardian appointed by the court especially to defend for him. As the authority of foreign guardians is generally limited, in the absence of a statute, to the jurisdiction that appointed them, the action of the court in allowing the defense to be made by the foreign guardian did not conform to the letter of section 6023 of Kirby's Digest. See Woerner on Guardianship, § § 28, 93; Schouler, Dom. Rel. § § 327, 329; *Woodworth* v. *Spring,* 4 Allen 324; *Taylor* v. *Barron,* 35 N. H. 496; Wharton, Conflict of Laws, § 260. By this section the law guards with jealous eye the rights of an infant defendant. But the above procedure was in accord with the spirit of the statute, not prejudicial at all to appellant, and at most but an irregularity that, even on appeal, would not have rendered the judgment of the chancery court void. See *Boyd* v. *Roane,* 49 Ark. 414.

Appellant is seeking to vacate the decree under section 6248 of Kirby's Digest, which is as follows:

"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age, but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment."

The statute applies in cases of this kind. *Blanton* v. *Rose,* 70 Ark. 415. But, before appellant can succeed under the authority of the above section, he must "show cause against such judgment." Errors in the judgment must be "shown" (section 4431, subdiv. 8), under the procedure prescribed by section 4433, and according to the requirements of section 4434. Section 4433 provides that the complaint shall set forth "the grounds to vacate or modify the judgment, and the defense to the action if the party applying was defendant." Section 4434 provides: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment was rendered."

In *Boyd* v. *Roane,* 49 Ark. 397, the court, commenting upon these statutes at page 417, said: "But the first decree

is valid, and under it Boyd obtained his title, and the infant's only claim for vacating the second decree is for alleged errors in procedure. We are by no means sure that there is any reversible error in the proceedings. But, admitting that there is, the statute provides that the complaint in a proceeding by an infant to vacate a judgment shall 'set forth the grounds to vacate or modify it, and the defense to the action,' and enacts that a 'judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action.' The Supreme Court of Kentucky in construing a provision of the statute identical with that under which the infant here is proceeding, say the errors contemplated by the statute 'are such as affect the substantial rights of the infants, and to obtain relief they must show that actual injustice has been done them.' " *Richards* v. *Richards,* 10 Bush 617; *Pierson* v. *Vance,* 85 Ark. 272.

Now, the decree of the court setting aside appellant's deed was based on a finding that his father, W. H. Martin, was insolvent at the time he made it, and that he executed it for the purpose of defrauding his creditors. The court found that W. H. Martin was insolvent upon the testimony of a witness who said that he was "acquainted with the property and financial standing of W. H. Martin at the time he conveyed the land to his sons, and knew that W. H. Martin could not then pay his indebtedness with what property he had in his own name." This, with the other evidence we have set forth in the statement of facts showing W. H. Martin's financial embarrassment, fully warranted the court in finding that W. H. Martin was insolvent, and that he executed the deed to his sons for the purpose of defrauding his creditors. It is a significant circumstance evidencing such intention that the deed to his son was executed four days after the issuance of the execution on the judgment. A debtor who is both able and willing to pay does not wait for the goad of the law, nor run to cover when it is applied.

The fact that W. H. Martin, while greatly embarrassed financially, made a voluntary conveyance of lands to his children, without which his debts could not be paid, is conclusive evidence of fraud. And it is incompatible with honest purpose that a man, after having conveyed his land to his children,

should convey the same land by mortgage to other persons for large sums of money. Such conduct is conclusive evidence of a scheme to defraud creditors.

To meet the burden of showing that the decree of the chancery court cancelling the deed was erroneous, appellant adduced evidence tending to show that his father's estate was solvent some four years after the deed to appellant was executed. But this evidence was "wide of the mark." It did not show that W. H. Martin was solvent at the time the deed to appellant was executed, and did not even tend to show that W. H. Martin in making the deed to appellant was not intending to defraud his creditors.

Learned counsel suggest that the defense made for the minor in the suit to set aside his deed was "purely perfunctory." If so, there was all the greater reason that, in the present suit, when the law gave him another opportunity, and when he was represented by able counsel, he should have made some proof that his father was solvent at the time the deed was executed. To avoid the decree that was imperative.

The court did not find that W. H. Martin was solvent at the time of the execution of the conveyance, as counsel aver. But, if it had, there would be no evidence to sustain such finding.

The decree dismissing the complaint for want of equity is correct.

Affirm.