PARAGOULD TRUST COMPANY *v.* PERRIN.

Opinion delivered March 25, 1912.

1. INFANTS—RIGHT TO SHOW CAUSE AGAINST JUDGMENT.—Under Kirby's Digest, section 6248, providing that "it shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age, but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment," *held* that the right of review of a judgment against a minor exists only where by the former practice it was proper to reserve in the decree his right to show cause. (Page 68.)

2. SAME—WHEN NOT ENTITLED TO SHOW CAUSE.—A judgment in an action of ejectment adjudging that a minor has no title to the land does not divest him of any interest in the land, and is not such a judgment as, under the old practice, would entitle him to show cause after reaching his majority. (Page 69.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; affirmed.

STATEMENT BY THE COURT.

Elmer C. Kuhn, a minor, by his mother and next friend, brought this action against Arch Perrin *et al.* in the circuit court to set aside a judgment which had been rendered against him at a former term, in favor of the defendants.

The lands involved in the action were owned by Isaac T. Reece in his lifetime. Reece departed this life in Lawrence County, Arkansas, in January or February, 1892, and by the terms of his will, devised and bequeathed both his real and personal property to his wife, Adelaine Reece. The land

was devised to her for and during her natural life; the personal property was bequeathed to her absolutely. The personal property consisted of hogs, cattle, horses, hay, meat and lard, and was valued at the sum of $590. The lands comprised his homestead of 160 acres and sixty acres of timber land adjoining it. His estate was solvent, and at the time of his death his widow took possession of the personal property and also continued in possession of the land. She departed this life on or about the 27th day of February, 1906, leaving no heirs of her body, and by her last will and testament, devised all of her property to the plaintiff, Elmer C. Kuhn, who was at that time, and still is, a minor, being at the time of the institution of the present suit about sixteen years of age. After her death, the executor of her will took possession of the lands in controversy, and Arch Perrin and other collateral heirs of Isaac T. Reece, deceased, brought an ejectment suit against Elmer C. Kuhn and the executors of the will of Adelaine Reece for the lands in controversy. They allege that the said Adelaine Reece failed to disclaim or renounce the provisions of the will, but that she retained possession of the lands in question for and during her natural life, and that her holding was therefore under the will of her husband. A guardian *ad litem* was appointed for the minor defendant, and filed an answer and defended the suit for him; the executor filed a separate answer. There was a trial before a jury, which returned a verdict for the plaintiffs, both as to the title and possession of the lands. These facts were all set up in the present petition of the plaintiffs, and the petition was met by a general demurrer. The demurrer was sustained by the court, and the petitioner refused to plead further, his petition was dismissed, and an appeal to this court was prayed and granted.

*McCaleb & Reeder* and *Huddleston & Taylor*, for appellant.

HART, J., (after stating the facts). The condition of the defendant as an infant appeared in the record in the ejectment suit. For this reason subdivision 5 of section 4431, Kirby's Digest, has no application to this proceeding. It is conceded by his counsel that the right of the plaintiff to reverse the judgment depends upon the construction to be given to the eighth subdivision of section 4431 of Kirby's Digest,

which section is as follows: "The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order. * * *

"Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 6248."

Section 6243 reads as follows: "It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment."

An infant has no absolute right to have a judgment against him set aside on reaching majority, and we have heretofore held that, by the terms of the statute in question, the right to review exists in a minor only where, by the former practice, it was proper to reserve in the decree his right to show cause. *Woodall* v. *Moore*, 55 Ark. 22; *Blanton* v. *Rose*, 70 Ark. 415; *Martin* v. *Gwynn*, 90 Ark. 44. See also 22 Cyc. 700 *et seq.* That is to say, a statute giving a minor the right to show cause against a decree after majority does not extend the right beyond those things in which, under the old practice, such right was reserved in the decree. In discussing this statute in the case of *Blanton* v. *Rose, supra,* the court said: "To what cases does the statute apply? Where the effect of the decree is to divest the infant of an interest in lands, or where a conveyance is required of an infant in lands where he has a personal interest under the ancient chancery practice, it would have been proper in such cases to reserve in the decree a day for the infant to show cause against it after becoming of age."

It will be noted that the judgment which the infant now seeks to set aside was a judgment in ejectment; the issues presented by the pleadings in that case were the very issues that are sought to be presented in the present case. That is to say, the question was, who had the title to the lands, it being contended by the present plaintiff that Mrs. Reece took the land as dower under our statute and did not take under the will, and that by the terms of the will she was not

put to her election.  On the other hand, it was contended by the defendants in this suit, who were the plaintiffs in the ejectment suit, that the provision made for Mrs. Reece by the will was in lieu of dower, and that, she having failed to exercise a renunciation of the devise by deed within eighteen months after the death of her husband, as prescribed by the statute, she claimed to take under the will, and therefore by its terms took only an estate for life.  This question was submitted to the jury, under instructions not objected to in the ejectment suit, and the jury found for the plaintiff, both as to the title and as to the possession of the land.  A judgment rendered upon the verdict did not have the effect to divest the present plaintiff of any interest in the land, but was an adjudication that he did not have any title to the land.  A judgment in the ejectment suit not having had the effect of divesting the infant of an interest in land under the old practice, it would not have been proper to have reserved in the judgment a day for the infant to show cause against it after becoming of age; and, as we have already seen, our statute giving him the right to show cause against the decree after majority does not extend the right beyond those things in which, under the old practice, such right was reserved in the judgment or decree. It follows that the judgment of the court was right, and should be affirmed.