### ALDRIDGE et al. v. CASKEY et al.

No. 19683. Opinion Filed Sept. 9, 1930.

Bowling & Farmer and Clarence H. Bowie, for plaintiffs in error.

Rainey, Flynn, Green & Anderson and Blanton, Osborn & Curtis, for defendants in error.

LESTER, V. C. J. The parties to this action appear in the same position as in the district court.

One of the plaintiffs in error, Vernice Aldridge, is a daughter of Whit Hyden, who, on the 2nd day of September, 1910, made a deed to certain lands, which deed, the plaintiffs allege, is void.

It appears that the defendants have been in possession under said deed since September, 1910. The suit is in ejectment and for damages for the withholding of the premises.

A demurrer was filed by the defendants to the petition of the plaintiffs; the demurrer was sustained; plaintiffs elected to stand on their petition; judgment was rendered in favor of the defendants, from which judgment the plaintiffs appeal.

The suit by plaintiffs was filed against the adverse claimants in possession on November 10, 1927. The only question presented on appeal is whether or not, after the statute had run in favor of the parties in possession, on account of the plaintiff, Vernice Aldridge, being a minor, she could maintain the action after the expiration of 15 years from the date the adverse possession commenced.

After a thorough research of the authorities we are compelled to answer this proposition in the negative.

The plaintiffs in error cite only one case in their favor, to wit, Goodman v. Nichols, 44 Kan. 22, 23 Pac. 957. We have carefully examined this case, and find therein this statement:

"A title by prescription arises in the adverse occupant at the end of 15 years, if the owner labors under no disability; and, if he does, within two years after the disability is removed."

In that case the right of action originally vested in the minor for the reason that the adverse and unlawful possession commenced after the death of the minor's ancestors; therefore, it constituted an original action in favor of the minor.

We find a similar doctrine laid down in the case of Wilson v. Harper, 25 W. Va. 179, which is discussed in the case of Murray v. Houghton, 2 Ind. T. 504, 52 S. W. 48, 49, in the following language:

"In this last case the right of action had not accrued to the ancestor in her lifetime, but it appeared that the sale of the lands which it was sought by that proceeding to have set aside as fraudulent had been made after the death of the ancestor and during the minority of the heirs who were the owners of the land at the time the right of action accrued, and the court properly held in that cause that the statute did not run against the minors during their minority."

In the case of Murray v. Houghton, supra, the court said:

"When the statute of limitations has been set in motion during the lifetime of the ancestor, his death will not suspend it, even as against minor heirs."

In 37 C. J. 1028, it is said:

"If the right or cause accrues to the ancestor and the statute commences to run against him, the disabilities of those to whom his right passes at his death will not interrupt the running of the statute."

This rule seems to be almost universal in its application to the statute of limitations, the only exception appearing to have been found under special statutes.

In the case of Castro v. Geil (Cal.) 42 Pac. 804, the following rule is announced:

"Where the statute had commenced to run against a decedent, the minority of his heirs does not prevent the running of the statute against them."

In the case of Patton v. Dixon, 105 Tenn. 97, it is said:

"Concurrent disabilities are available to prevent the running of the statutes of limitation only when they are united in one and the same person. Concurrent disabilities existing in different persons * * * are never available."

In the case of Griswold v. Butler and Wife, 3 Conn. 227, it is recited:

"There is no saving in the statute of limitations for any disability in the heir, supervenient to the disability of the person to whom the right of entry first accrued."

In the case of Bender v. Bean, 52 Ark. 132, the rule is stated to be:

"In an action to recover lands the infancy of the plaintiff is no protection against the statute of limitations where it began to run in the lifetime of the ancestor under whom he claims."

In the case of Hale's Heirs v. Ritchie, 142 Ky. 424, it is held:

"Where land is held adversely, the fact that the claimant is insane does not stop the running of the statute of limitation unless the insanity existed at the time his cause of action accrued, and if it existed when his cause of action accrued, and continued for fifteen years, the disability was removed by his death, and the action was barred in three years thereafter, although his heirs were under disability at the time."

In the case of Oates v. Beckworth, 112 Ala. 356, the court said:

"Where, after the entry of government land, the entryman sells his interest thereunder, and during his lifetime a patent to such land, which is held adversely to the patentee, is delivered, his death does not suspend the running of the statute of limitations as against his heirs, whether minors or not."

In the case of Annie McNeill v. Mathias Schumaker, 94 Neb. 544, it is said:

"The fact that certain of the plaintiffs in such an action are minors, who claim title through descent, does not toll the statute, where it appears that the statute had commenced to run during the lifetime of their ancestors."

In the case of Mathis v. Ralph Melton, 293 Mo. 134, it is stated:

"Where the statutes of limitations began to run against the ancestor in his lifetime, they continue to run against his heirs after his death, and no disabilities existing amongst his heirs at that time would stop them from running."

In the case of Grether v. Clark, 75 Iowa, 383, the court held:

"Where the statute of limitations begins to run against the ancestor in his lifetime, it will not, in favor of his minor heirs, cease to run upon his death; the exception in favor of minors (Code sec. 2535) applying only to causes of action which originally accrue in their favor. (Bishop v. Knowles 53 Iowa, 268.)"

In the case of Kretzer v. Gross, 185 Ind. 455, the court stated:

"Where a right to contest a will accrued to one who, though under no disabilities, allowed two and a half years to elapse from the time of the probate of the will, the subsequent inheritance, upon her death, of the right of action by her infant children did not suspend the running of the three-year statute of limitations, but such infants, notwithstanding section 3159, Burns 1914, section 2601, R. S. 1881, were barred at the expiration of the three years within which the mother might have commenced action, had she lived." P. 457.

In the case of Harris v. McGovern, 99 U. S. 161, 25 L. Ed. 317, the rule is stated to be:

"Where a cause of action has accrued, and the statute of limitations has commenced to run during the lifetime of a person, the running of the statute is not interrupted by his subsequent decease and the descent of the right of action to his heirs, though minors at the time and under disability to sue."

This court in the case of Martin v. Goodman, 126 Okla. 34, 258 Pac. 871, in paragraph 2 of the syllabus, stated:

"The disability of a minor to sue as provided for in C. O. S. 1921, section 1496, terminates at her death, and the statute of limitation then begins to run and cannot be postponed to her infant heirs by tacking their disability to hers."

We think that the rule, except for statutory provisions to the contrary, is thoroughly established in the American courts that it is not permissible to add one limitation upon another; that the statute of limitations is one of repose; and it extends only to the original person upon whom is cast the original time for bringing an action thereof, it cannot be extended to another except by a specific statute. If one limitation can be added to another without limit, it would create an intolerable rule and promote a never ending right of action.

Judgment is affirmed.

MASON, C. J., and HUNT, CLARK,

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.