CROCKETT et al. v. ROOT et al.

No. 30734. July 6, 1943.

Rehearing Denied March 14, 1944.

*146 P. 2d 555.*

Turner M. King and Carloss Wadlington, both of Ada, for plaintiffs in error.

Ben A. Harper, of Chicago, Ill., C. E. Bryson, of Houston, Tex., Crawford W. Cameron, of Marietta, Vinson, Elkins, Weems & Francis, of Houston, Tex., C. V. O'Hern, of Peoria, Ill., and Jack H. Smith and Reuel W. Little, both of Madill, for defendants in error.

HURST, J. Plaintiffs, the heirs of Mack Crockett, deceased, here sued to recover possession of 160 acres of land owned by Mack Crockett in his lifetime and to quiet title thereto. Defendants resisted, claiming under a deed executed by Crockett and a judgment of the district court of Marshall county in a former suit, entered after the death of Mack Crockett, adjudging the deed to be valid. Judgment was rendered for defendants on the pleadings, and plaintiffs appeal.

The allegations of plaintiffs' pleadings, which for the purpose of this appeal must be taken as true (Roxoline Petroleum Co. v. Craig, 150 Okla. 148, 300 P. 620), are as follows: That Mack Crockett died December 26, 1925, and left surviving him his wife, Sarah Crockett, and his seven children, all of whom are

plaintiffs herein; that all of the plaintiffs attained their majority more than two years prior to the commencement of this action except Virgil Crockett and Loretta Crockett, who at such time were minors, and Adolphus Crockett, who was then 21 years old; that in 1922 Mack Crockett and Sarah Crockett executed to defendant George R. Fish & Company first and second mortgages on the lands in controversy to secure the payment of the sums of $6,400 and $1,280, respectively, and that the mortgages are now held by certain of the defendants by assignment; that thereafter, on January 3, 1925, Mack Crockett and Sarah Crockett executed a deed to said lands to defendant Geo. R. Fish and to one W. W. Fort; that said deed was void because obtained by fraud and duress and because made without consideration, and that on January 26, 1926, immediately after the death of Mack Crockett, all of the present plaintiffs except Adolphus Crockett brought an action numbered 2891 in the district court of Marshall county against Geo. R. Fish and W. W. Fort to cancel said deed on such grounds. The petition in the instant case then recites that "all of the record in case 2891 is hereby referred to and by this reference made a part hereof and the court will take judicial notice thereof."

An examination of the record in case 2891 discloses that the issues therein were framed on the following pleadings: (1) A petition by which plaintiffs attacked the deed on the grounds of fraud, duress, and no consideration; (2) an answer and cross-petition by which defendants denied fraud and duress, alleged that Mack Crockett had been their tenant for the year 1925, and that the deed was valid and had been given in consideration of payment, by them, to a bank of certain indebtedness of Crockett, and the further promise by them to pay the indebtedness of Crockett to Geo. R. Fish & Company, as well as other consideration; and (3) a reply by which plaintiffs denied that Mack Crockett had ever been a tenant of defendants. Copies of an alleged rental agreement and a letter evidencing the tenancy of Crockett were attached to the answer as exhibits in such case. The record further discloses that a guardian ad litem, who was the attorney representing all the plaintiffs, was therein appointed for all the minors except Cleo Crockett Ogden, apparently on the theory that they were defendants as against the cross-petition. On December 20, 1926, judgment was rendered for defendants, quieting title to the land in them against the plaintiffs, and decreeing that "plaintiffs take nothing by reason of this action."

Plaintiffs then pleaded in the present case that such judgment in case No. 2891 was void because Adolphus Crockett was not a party thereto; that the deed of January 3, 1925, was in fact a mortgage, was intended to operate as additional security for the mortgages held by Geo. R. Fish & Company and their assignees, and was defeasible; and that in the trial of cause No. 2891 in 1926 the plaintiffs did not know that such defense to the deed existed, but that Geo. R. Fish and W. W. Fort knew it, and that it was their duty to disclose said defense to the court, and that their failure to do so constituted fraud for which the judgment should be set aside. Prayer was for an accounting and that plaintiffs be allowed to redeem, and a tender was made of any balance that might be found due. The remaining allegations of the plaintiffs' pleadings are immaterial here.

Defendants by answer denied the allegations of fraud and duress, pleaded the former judgment in bar of this action, and pleaded the 15-year, the 5-year, and the 2-year statutes of limitations, 12 O. S. 1941 § 93 (4), § 95 (1), § 95 (3).

In rendering judgment on the pleadings for defendants the court held that the pleadings affirmatively disclosed that the judgment in the former case was valid and was res judicata of the present issues as to all plaintiffs, except Adolphus Crockett, who was not a party thereto, and that the claims of all the parties were barred by the statute of limitations.

It will be noted that there are three classes of plaintiffs in the instant case: (a) those who were parties to case No. 2891, and who had passed their 23rd birthday at the commencement of the present action; (b) Loretta Crockett and Virgil Crockett, who were parties to case No. 2891, but who were minors at the commencement of the present action; and (c) Adolphus Crockett, who was not a party to case No. 2891, and who had not attained the age of 22 years when this action was commenced.

1. Plaintiffs first contend that since the issue of whether the deed was in fact a mortgage was not litigated in the former suit, the judgment therein is not res judicata of the present action. We do not agree. When a second suit is upon a different cause of action, a former adjudication is conclusive only of the issues therein litigated, under the doctrine of estoppel by judgment (Uphoff v. Meier, 184 Okla. 378, 87 P. 2d 960), but where the second suit is upon the same cause of action or involves the same subject matter, the former judgment is res judicata, and concludes the parties and their privies, not only as to things determined, but as to all matters that might have been determined. Hine. v. Board of Com'rs of McClain County, 188 Okla. 260, 108 P. 2d 112; Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311; In re Bighorse's Estate, 172 Okla. 498, 45 P. 2d 727. Both suits involve the same subject matter—title to the land. The former suit was upon the same cause of action presented in the instant case. The primary fact litigated there, and sought to be litigated here, is the effect and validity of the deed of January 3, 1925. In the former case the deed was attacked on the grounds of fraud, duress, and lack of consideration, while here plaintiffs seek to attack it anew on the ground that it was in fact a mortgage. Such separate issues do not constitute separate causes of action but merely separate grounds supporting the same cause of action. Defendants' title, having been once adjudicated to be valid, may not be attacked as invalid on new grounds in a subsequent suit by the same parties or their privies. Taylor et al. v. Campbell, 139 Okla. 110, 281 P. 243. A contrary conclusion would permit a losing party to relitigate his case as often as he discovered new grounds to support his cause of action, and would largely destroy the conclusive character of judgments.

2. Plaintiffs next urge that the pleadings disclose that extrinsic fraud was practiced in obtaining the former judgment and that it should be set aside under the doctrine of Kauffman v. McLaughlin, 189 Okla. 194, 114 P. 2d 929. In that case we held that concealment of material facts by a person sustaining a fiduciary relationship to another, which, because of such relationship, it was his duty to disclose, constituted extrinsic fraud. Plaintiffs' theory is that since the deed of January 3, 1925, was in fact a mortgage, the holders thereof, Geo. R. Fish and W. W. Fort, were trustees of the title, not only for the owners of the mortgages, but also for plaintiffs, and that because of such relationship it was their duty in cause 2891 to disclose the true nature of the deed. They assert that the failure to do so constituted extrinsic fraud.

It is well established that mere failure by one not a fiduciary to disclose matters which would defeat his own claim or defense is not extrinsic fraud (Stout v. Derr, 171 Okla. 132, 42 P. 2d 136; 34 C. J. 283; 15 R. C. L. 766), and defendants do not contend otherwise. Likewise the assertion by defendants therein that the deed conveyed legal and equitable title, was, if untrue, a misstatement as to an issue in controversy, and hence intrinsic rather than extrinsic fraud. We proceed then to determine whether a fiduciary relationship existed between defendants and plaintiffs in cause No. 2891, which imposed upon the defendants there the duty to disclose the nature of the deed.

Ordinarily a fiduciary relationship arises where one party reposes special confidence in another, as in the case of attorney and client, or where a special duty exists on the part of one to protect the interests of another, as in the

case of guardian and ward. It exists between a true trustee and the cestui que trust. 25 C. J. 1119.

Although for some purposes mortgagees and trustees under deeds of trust in the nature of mortgages may be held to account as trustees, as for example when they have taken possession of the mortgaged property and are held to account for the rents and profits, it does not follow that they are trustees for other purposes, or that a fiduciary relationship in fact exists between them and the mortgagors. King v. State Mutual Fire Ins. Co., 7 Cush. (Mass.) 1, 54 Am. Dec. 683.

It is well settled that no fiduciary relationship exists between mortgagors and mortgagees even where the mortgage is treated as an absolute conveyance. Bogert, Trusts and Trustees, vol. 1, p. 146; Restatement, Trustees, pp. 30, 31; King v. State Mutual Life Ins. Co., above. And it is likewise held that even where a party is designated as a trustee in a mortgage or trust deed in the nature of a mortgage, he bears no fiduciary relationship to the mortgagor. Dennett v. Tilton, 227 Mass. 299, 116 N. E. 403. See Bogert, Trusts and Trustees, vol. 1, p. 149, for a good discussion of this question. No authorities to the contrary have been cited.

We conclude that in case No. 2891, defendants Fish and Fort did not bear a fiduciary relationship to plaintiffs. It follows that their failure to disclose to the court that the deed was in fact a mortgage, was, if fraud at all, intrinsic rather than extrinsic fraud, and that the judgment may not be set aside therefor.

What we have said disposes of the contentions of the first class of plaintiffs, those who were parties to cause No. 2891, and who were past 23 years of age when the present suit was commenced.

3. Plaintiffs Loretta Crockett and Virgil Crockett, who were parties to case No. 2891, and who have not yet attained their majority, contend that they have a right to show cause against such judgment under the provisions of 12 O. S. 1941 § 1031, which in part, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

". . .

"Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5142."

Section 5142, referred to, is now 12 O. S. 1941 § 700, and reads:

"It shall not be necessary to reserve, in a judgment or order the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of twenty-one years, may show cause against such order or judgment."

These sections are found in the statutes of Arkansas, Kansas, Nebraska, Ohio, and Wyoming, and perhaps other states. Plaintiffs argue that they give to an infant a right to "show cause" against a judgment within the time prescribed, by impeaching it upon any ground, whether allowed to adults or not, which caused the entry of an unjust decree against the infant. Upon such theory they seek to show cause against the judgment in case No. 2891 because it was obtained by intrinsic fraud.

It is said by the courts that have construed such statutes that they reserve to infants the same rights to relief against erroneous orders and judgments as were formerly reserved to them in decrees in chancery. Manfull v. Graham, 55 Neb. 645, 76 N. W. 19, 70 Am. St. Rep. 412; Bennett v. Fleming, 105 Ohio St. 352, 137 N. E. 900. We are committed to this rule. Fowler v. Humphrey Investment Co., 142 Okla. 221, 286 P. 867; Cudjo v. Harris, 119 Okla. 69, 248 P. 343; Sawyer v. Ware, 36 Okla. 139, 128 P. 273.

Under the old chancery practice,

when a decree against an infant heir divested him of title to his inheritance it was the practice to insert in the decree a provision giving him a certain time after he became of age to show cause against the decree. 27 Am. Jur. 870; 1 Daniell's Chancery Pleading and Practice (6th Ed.) 162, 163. This rule was originally based on feudal tenures and, as rules sometimes do, it survived after the policy upon which it was founded became obsolete. Today, when land is an article of commerce, public policy requires that titles based on decrees be settled, and hence the old rule, under which such decrees might remain subject to attack for 20 years, has been abandoned in many states. 27 Am. Jur. 870; Joyce v. McAvoy, 31 Cal. 273, 89 Am. Dec. 172. It should be noted that we are not dealing here with the question of whether an infant may attack a judgment against him within a year after attaining his majority upon the same grounds as an adult, but rather whether he may attack such judgment within such time upon a ground not given to adults, but which has resulted in an unjust decree against him, in this case intrinsic fraud. By the statutes of some states it is provided that an infant may show cause against any judgment within a time prescribed (Metzger Bros. v. Watson's Guardian, 251 Ky. 446, 65 S. W. 2d 460), but in Oklahoma, as we have seen, the right of an infant to show cause against a judgment is limited by the quoted statutes to cases where it would have been proper to reserve such right in the decree under the old chancery practice. We have held that a mortgage foreclosure and a sale thereunder is such a case. Fowler v. Humphrey, supra; Cudjo v. Harris, supra. The proceedings to set the judgment aside might have been instituted in case No. 2891, but the institution of an independent action such as the instant case is also proper. Grayson v. Stith, 181 Okla. 131, 72 P. 2d 820, 114 A. L. R. 276: Fowler v. Humphrey, above.

However, under the old chancery practice it was not proper to reserve a day to show cause in suits by infant plaintiffs. Such right was reserved only to infant defendants. Woodall et al. v. Moore, 55 Ark. 22, 17 S. W. 268; 1 Daniell's Chancery Pleading & Practice (6th American Ed.) p. 73. Neither was it proper under the old practice to reserve a right to show cause in a decree against an infant unless the decree itself operated to divest the infant of an interest in lands. Paragould Trust Co. v. Perrin, 103 Ark. 67, 145 S. W. 886; Blanton v. Rose, 70 Ark. 415, 68 S. W. 674; 1 Daniell's Chancery Pleading & Practice (6th American Ed.) pp. 160-163. The judgment in cause No. 2891 did not of itself divest these infants of any interest in the lands, but merely adjudged that they never did have title thereto because the conveyance by their father was valid. For this reason, and because they were the actors in such case, a right to show cause against such judgment was not reserved to them by the provisions of sections 1031 and 700 of our statutes, above quoted.

4. Some contention is made that the former judgment was void as to Cleo Crockett Ogden, one of the plaintiffs in both suits, because no guardian ad litem was appointed for her. No authorities are cited supporting such argument. We have decided adversely to such contention. Steil v. Leverett, 133 Okla. 300, 272 P. 412.

5. This disposes of the contentions of all of the parties except Adolphus Crockett, now 21 years of age, who was not a party to case No. 2891. Defendants concede that he is not bound by such judgment, but contend that the petition affirmatively discloses that his claim is barred by the statutes of limitations. The basis of the contention is that all the plaintiffs made all of the record in case No. 2891 a part of their pleadings in the instant case, and that there were attached to the answer and cross-petition of defendants Fish and Fort, in such former case, as exhibits a copy of a rental contract covering 25 acres of the 160 acres in question between Mack Crockett and defendants Fish and Fort, and a copy of a letter from Crockett acknowledging the tenancy. These ex-

hibits in that case, they assert, are also exhibits in the instant case and hence control over the allegations of the petition. They then argue that, therefore, the petition herein affirmatively discloses that Mack Crockett was a tenant of Fish and Fort, that the possession of Mack Crockett was the possession of Fish and Fort, and that consequently the statute of limitations began to run in favor of Fish and Fort during the lifetime of Mack Crockett and completed itself at the expiration of 15 years, regardless of the minority of Adolphus Crockett. We agree that if the statute of limitations did begin to run against Mack Crockett in his lifetime, it completed itself in 15 years against his heirs even though they were then minors. Aldridge v. Caskey, 144 Okla. 204, 291 P. 91. However, we do not believe plaintiffs were conclusively bound by pleading the exhibits in the former case. The reply in the former case was also an exhibit in the instant case, and it contained a denial that Mack Crockett was ever the tenant of Fish and Fort. Why should it not control?

As to the plaintiffs herein who were parties to the former action, one of the issues was whether such former judgment was res judicata of the present suit. It is apparent that as to them the purpose of making the record in the former case part of the pleadings herein was to show the issues framed by the pleadings in the former suit and the extent and effect of the judgment rendered thereon. But Adolphus Crockett was not even a party to that suit, and the issue of res judicata as to him was immaterial, and there was no reason, so far as his case was concerned, to make such record a part of his pleadings. He certainly did not intend to solemnly admit the due execution of the exhibits attached to the answer in the former case. The allegations of his petition, and the theory on which he seeks recovery, are diametrically opposed to such admission. To hold that he is to be divested of his right to a trial of his claim because of such mistake, probably made through mere inadvertence on the part of his attorney, would be contrary to the spirit of our Code. We are committed to the rule that in passing upon a motion for judgment on the pleadings, which is not favored by the courts, the allegations contained in the pleadings of the movant and which have been denied by the opposing party will be considered as withdrawn or untrue, and such a motion will be sustained only where no cause of action or defense is stated, and where such pleading, the sufficiency of which is attacked, is not susceptible of amendment. Geck v. Security State Bank, 133 Okla. 67, 271 P. 152. A civil action is not a game or contest of wits, but a proceeding to discover the truth and enforce rights. State ex rel. v. Shilling, 190 Okla. 305, 123 P. 2d 674. Pleadings are the means provided by which parties place their contentions before the court, and should be liberally construed in favor of the pleader so as to effect justice and avoid surprises and pitfalls. 12 O. S. 1941 § 293; 49 C. J. 118; Crews v. Garber, 188 Okla. 570, 111 P. 2d 1080. It is well established that where an exhibit is the foundation of a cause of action, its recitals will control over contrary allegations of the pleadings, but where the exhibit is not the foundation of the cause of action, the allegations will control over the recitals of the exhibit. See 16 Ann. Cas. 490, note; 41 Am. Jur. 329; 49 C. J. 621; 21 R. C. L. 477.

The case of First Nat. Bank v. Jones, 2 Okla. 353, 37 P. 824, which established the rule in Oklahoma that the recitals of an exhibit which is the foundation of the cause of action control over the allegations of the pleading because of the provisions of 12 O. S. 1941 § 296, was based entirely upon Indiana cases. In Indiana, however, the converse of the rule is well established, and it is said that if "an exhibit is filed with a pleading which is not the foundation thereof, the same cannot be considered in determining the sufficiency of such pleading, but must be disregarded." Indiana Mut. Bldg. Ass'n v. Plank, 152 Ind. 197, 52 N. E. 991. It is clear that the record in cause No. 2891 was not the foundation of the cause of ac-

tion of Adolphus Crockett. The case of Schmeusser v. Schmeusser, 181 Okla. 18, 72 P. 2d 378, in so far as it conflicts with the rule just stated, is overruled.

It should be remembered that Adolphus Crockett brought this action not only to recover possession of real estate, but to declare the deed of January 3, 1925, a mortgage, and to redeem therefrom, and to cancel said deed on the ground of fraud. Defendants, in bar of his action, pleaded three separate statutes of limitations: 12 O. S. 1941 § 93 (4) which bars an action for the *recovery of real property* after 15 years; 12 O.S. 1941 § 95(1), which under our decisions (Tomlin v. Roberts, 126 Okla. 165, 258 P. 1041; Stroud v. Paulk, 179 Okla. 493, 66 P. 2d 24) bars an action to *declare a deed a mortgage* and to redeem therefrom after five years; and 12 O.S. 1941 § 95(3), which bars an action for *relief on the ground of fraud* after two years from the date of its discovery.

Since, under the allegations of the pleadings, defendants did not take adverse possession of plaintiffs' land until some time in 1927, at which time the cause of action accrued, and which was less than 15 years prior to the commencement of this action on December 26, 1940, the pleadings do not affirmatively disclose that this action is barred by the 15 year statute. In any event, since Adolphus Crockett pleaded that he was an infant when his right to recover the real property accrued to him, he had until two years after attaining his majority to bring his action. 12 O. S. 1941 § 94.

Neither is his right to have the deed declared to be a mortgage and to redeem his share therefrom barred by the provisions of 12 O. S. 1941 § 95 (1). In the cases of Tomlin v. Roberts, above, and Stroud v. Paulk, above, we held that an action to declare a deed a mortgage was not an action for the recovery of real property, but an equitable action seeking relief from the conveyance, and that the right to redeem was barred after five years from the date the mortgagee took adverse possession of the mortgaged premises. It is pleaded that defendants did not take adverse possession of this land until sometime in 1927, at which time Adolphus Crockett was an infant and Mack Crockett was dead. This cause of action, therefore, accrued to Adolphus Crockett during his infancy, and since it was one other than for the recovery of real property, under the provisions of 12 O. S. 1941 § 96, he had until one year after reaching his majority to bring his action.

Defendants also contend that this action is one primarily for cancellation of an instrument procured by fraud, that possession of the real property is only sought as an incident thereto, and that the action is barred by the two-year statute, 12 O. S. 1941 § 95 (3), citing Bruce et al. v. Exchange Royalty Co., 177 Okla. 419, 60 P. 2d 748, and other cases therein cited. If this be such an action, which we do not decide, Adolphus Crockett is not barred by such statute, since the fraud is alleged not to have been discovered until after the death of Mack Crockett, and at a time when Adolphus Crockett was an infant. His right, therefore, accrued to him during his infancy and he had until one year after reaching his majority to bring his action under the provisions of 12 O. S. 1941 § 96.

We conclude that under no tenable theory was the cause of action of Adolphus Crockett barred by any statute of limitations.

The judgment is affirmed as to all the parties except Adolphus Crockett, and as to him it is reversed, with directions to overrule the motion for judgment on the pleadings and to proceed not inconsistently with the views herein expressed.

CORN, C. J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., and RILEY, J., dissent. WELCH, J., absent.